UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
DAN MEDINA,                        )
                                   )
         Plaintiff,                )
                                   )
    v.                             )   No.  05cv30121
                                   )
ALBERTO R. GONZALES, et al.        )
                                   )
         Defendants.               )
                                   )
```

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

The defendant, Alberto R. Gonzales, United States Attorney General, submits this memorandum of law in support of his motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

**STATEMENT OF FACTS**

The plaintiff alleges a virtually incomprehensible array of complaints United States Attorney General Alberto R. Gonzales and Hampden County Assistant Clerk Laura Gentile.[1]  Quoting from the lawsuit, the plaintiff alleges:

> Defendants is in charge for Justice.
> Gonzales allowing anti-semetic racist is
> suppost stand for justice and constitutional
> rights Justice Department is the great

---

[1]The action initially was filed in state housing court, small claims session, in Springfield, Massachusetts, along with three other lawsuits naming federal and state defendants and a number of lawsuits naming state defendants only.  The complaints naming federal defendants were removed to this court and now bear the following captions:  United States v. Tauro, 05-30119-RGS; United States v. Gonzales, 05-30121; United States v. Wolf, 05-30118; and United States v. Mueller, 05-30120.

> Babylon of 21 Century: is still haunted by
> demons and unclean spirits and all kinds of
> filthy and hateful bints live in: become
> immoral and unrestrained lust.  I been
> sitting in prison as same state of enemy
> combatant since 1993 before 9/11 no legal
> access and I been treat worst than terrorist.
> I'm a person who never committed a crime I
> was framed by crooked FBI John Connolly.

**ARGUMENT**

I. **THE STANDARD APPLICABLE TO DISMISSAL**

A complaint should be dismissed when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976).  While the court must accept the allegations of the complaint as true, Hughes v. Rowe, 449 U.S. 5, 10 (1980), conclusory, vague or general allegations are insufficient. See, e.g., Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982); Kadar Corp. v. Milbury, 549 F.2d 230, 233 (1st Cir. 1977).  Therefore, dismissal is appropriate where a complaint appears to state only frivolous or wholly insubstantial claims. Parratt v. Taylor, 451 U.S. 527, 532 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

II. **The Court Lacks Subject Matter Jurisdiction**

The complaint should be dismissed for a lack of subject matter jurisdiction because the plaintiff has not and cannot identify an applicable waiver of sovereign immunity.  No action

lies against the United States or its employees unless Congress has authorized it.  See Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996); United States v. Testan, 424 U.S. 392, 399 (1976).  A court has subject matter jurisdiction over claims against the United States and its agents only where there is a grant of jurisdiction over the subject area and a valid waiver of sovereign immunity.  Massachusetts v. Departmental Grant Appeals Board, 815 F.2d 778, 785 (1st Cir. 1987).

"[T]he party claiming that a court has the power to grant the relief in his behalf has the burden of persuasion on the jurisdictional issue."  Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 612 n.28 (1979).  While the court is obliged to construe a pro se plaintiff's pleadings liberally, "pro se status does not insulate a party from complying with procedural and substantive law."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  "The Constitution does not require judges--or agencies, for that matter--to take up the slack when a party elects to represent himself."  Eagle Eye Fishing Corp. v. U.S. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

Even the most liberal reading of the complaint against Attorney General Gonzales fails to reveal any facts that would support jurisdiction.  Therefore, the action must be dismissed.[2]

---

[2]To the extent the plaintiff alleges a tort, the action must be dismissed because the plaintiff failed to file the requisite

**III. <u>Any Individual Capacity Complaints Should Be Dismissed</u>**

To the extent the plaintiff asserts constitutional claims against Gonzales in his individual capacity, the complaint similarly fails. An individual capacity suit against a federal official must be based on allegations of direct liability. "Respondeat superior is not a viable theory of <u>Bivens</u> liability." <u>Rivera v. Riley</u>, 209 F.3d 124, 28 (1st Cir. 2000). <u>See</u> <u>generally</u> <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971) (establishing a common law right of action for constitutional violations committed by federal employees). Since the complaint is based solely on Gonzales' role as Attorney General, it fails to state a claim of individual liability.

**IV. <u>The Complaint Fails To Satisfy Rule 8 and is Frivolous</u>**

The complaint also should be dismissed because it fails to satisfy Fed. R. Civ. P. 8(a)(2) and is otherwise insubstantial and frivolous.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Even pro se plaintiffs must comply. <u>See</u> <u>Chongris v. Board of Appeals</u>, 811 F.2d, 36, 37 (1st Cir. 1987). The purpose of notice pleading is

---

administrative claim under the Federal Tort Claims Act ("FTCA"). The FTCA immunizes federal employees from lawsuits based on actions taken within the scope of their employment. <u>Aversa v. United States</u>, 99 F.3d 1200, 1207 (1st Cir. 1996).

to facilitate a proper decision on the merits.  <u>Boston & Maine Corp. v. Hampton</u>, 987 F.2d 855, 865 (1st Cir. 1993)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 48 (1957)).  A complaint must provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Conley</u>, 355 U.S. at 47.  Fair notice is notice that allows defendants to identify the claim against them and defenses applicable to it, to answer and prepare for trial.  <u>See</u> <u>Brown v. Califano</u>, 75 F.R.D. 497, 498-9 (D. D.C. 1977).  In addition to promoting fairness, the notice pleading requirement combats the rising costs of litigation by "requiring some specificity before permitting a claimant 'to drag a defendant past the pleading threshold.'"  <u>Boston & Maine Corp.</u>, 987 F.2d at 865 (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988)).  The plaintiff's complaint fails to meet even the minimal pleading threshold of Rule 8.

Moreover, the complaint should be dismissed because the claims are "factually frivolous." <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992).  A frivolous action is one that "lacks an arguable basis in law or in fact, one that contains either "inarguable" legal conclusions or "clearly baseless," "fanciful," or "delusional"  factual allegations. <u>Nietze v. Williams</u>, 490 U.S. 319, 325 n.6 (1989); <u>Bell v. Hood</u>, 327 U.S. 678, 683 (1946).  <u>See also</u> <u>Wyatt v. Boston</u>, 35 F.3d 13, 15 (1st Cir. 1994) (dismissal is warranted if it is "patently obvious" that plaintiff could not

prevail). Even a pro se plaintiff must set forth "factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Gooley v. Mobil Oil Corp</u>., 851 F.2d 513, 515 (1st Cir. 1988).

The instant lawsuit fails to allege either facts or an actionable legal theory. Therefore, the complaint fails to state a claim and must be dismissed. <u>See</u> <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)(insubstantial lawsuits against the government should be quickly terminated "to ensure that federal officials are not harassed by frivolous lawsuits.").

## **CONCLUSION**

For the foregoing reasons, the defendant respectfully requests that the court dismiss the complaint.

                                                 Respectfully submitted,

                                                 MICHAEL J. SULLIVAN
                                                 United States Attorney

Dated: June 10, 2005         /s/Karen L. Goodwin
                           By: _____
                                                 KAREN L. GOODWIN
                                                 Assistant U.S. Attorney
                                                 1550 Main Street
                                                 Springfield, MA 01103
                                                 (413) 785-0235

CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

    Dan Medina
    P.O. Box 100
    S. Walpole, MA 02071

    Christopher O. Quaye
    Administrative Attorney
    Commonwealth of Massachusetts
    Administrative Office of the Trial Courts
    Two Center Plaza
    Boston, MA 02108

    /s/Karen L. Goodwin
    _____
    Karen L. Goodwin
    Assistant U.S. Attorney