UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAN MEDINA,                          )
                                     )
          Plaintiff,                 )   **05 - 30118 - MAP**
                                     )
     v.                              )   No.
                                     )
MARK L. WOLF, et al.                 )
                                     )
          Defendants.                )

## NOTICE OF REMOVAL

The defendant, Mark L. Wolf, by his attorney, Michael J.

Sullivan, United States Attorney for the District of

Massachusetts, gives notice of the removal of this action to

federal court pursuant to 28 U.S.C. § 1442.  As grounds

therefore, the defendant states as follows:

1.   This action is brought against Mark L. Wolf, a

United States District Judge, for acts taken under color of

office or in the performance of his duties.

2.   Therefore, this action is subject to removal under 28

U.S.C. § 1442.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: May 23, 2005

By: _____

KAREN L. GOODWIN
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103
(413) 785-0235

I hereby certify on 5/24/05 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☒ original filed in my office on 5/23/05
     Sarah A. Thornton
     Clerk, U.S. District Court
     District of Massachusetts
By: _____
Deputy Clerk

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Dan Medina
P.O. Box 100
S. Walpole, MA 02071

Christopher O. Quaye
Administrative Attorney
Commonwealth of Massachusetts
Administrative Office of the Trial Courts
Two Center Plaza
Boston, MA 02108

Karen L. Goodwin
Assistant U.S. Attorney



**COMMONWEALTH OF MASSACHUSETTS**

THE TRIAL COURT
HOUSING COURT DEPARTMENT
WESTERN DIVISION
37 ELM STREET · P.O. BOX 559
SPRINGFIELD, MA 01102-0559
TELEPHONE (413) 748-7838
FAX (413) 732-4607

**ROBERT G. FIELDS**
CLERK MAGISTRATE *PRO TEM*

**WILLIAM H. ABRASHKIN**
FIRST JUSTICE

**DINA E. FEIN**
ASSOCIATE JUSTICE

**KAREN-ANN HUNTOON**
ASSISTANT CLERK MAGISTRATE

**KEVIN R. BYRNE, SR.**
CHIEF HOUSING SPECIALIST

# WRIT OF HABEAS CORPUS

To The Sheriff of Hampden County, His Deputies, And The Keeper of The Jail At Stoney Brook,

GREETINGS:

You are hereby commanded in the name of the Commonwealth of Massachusetts to have the body of _Dan Medina_ detained in our prison under your custody, as it is said, under safe and secure conduct, before the Western Division Housing Court on _May 25, 05 10:00 am_, at 37 Elm Street, Springfield, then and there to answer to, and testify what he knows relative to a complaint now pending in said Court against _Dan Medina_, of _P.O. Box 100 S. Walpole._ for damages re: _05 SC 0122_ _Medina V Gentile_ and immediately after the said _Dan Medina_ shall have answered and given his testimony as aforesaid, to return the said _Cedar Junction_ to our jail at _CedarJunction_ under safe and secure conduct, and have you there this writ.

Witness, WILLIAM H. ABRASHKIN, First Justice, this _12th_ day of _May_ . .

ROBERT G. FIELDS
CLERK-MAGISTRATE



IN WITNESS ... I hereunto set
my hand ... d the seal of
the Register ... Court for the County of
Hampden to be affixed on

# United States District Court

### Boston, Massachusetts 02210

CHAMBERS OF
**MARK L. WOLF**
DISTRICT JUDGE

May 4, 2005

Roger G. Fields
Clerk Magistrate
Western Div. Hsg. Ct.
37 Elm Street
Springfield, MA 01102

Re: 05-SC-0134 Dan Medina v. Mark L. Wolf, et al.

Dear Mr. Fields:

I am writing in response to the Complaint in the above-captioned case. I request that it be dismissed because the allegations do not state a claim upon which relief can be granted. The plaintiff Dan Medina does not allege that I owe him a debt. The allegations in the complaint are generally unintelligble. Mr. Medina seems to be complaining about actions I purportedly took in my capacity as a federal judge. I, of course deny, his allegations. I am told, however, that Mr. Medina has not had a case before me, although he may be an inmate in Cedar Junction in Walpole, Massachusetts with cases before other judges of the United States District Court for the District of Massachusetts. In any event, if he is complaining about an alleged judicial act, I have absolute immunity. See Pearson v. Ray, 386 U.S. 547 (1967); Stump v. Smartman, 435 U.S. 349 (1978); Mireles v. Waco, 502 U.S. 9 (1991). Therefore, I request that this complaint be dismissed as against me.

Please let Deputy United States Marshal David Milne (617-748-2535) know whether or not this case has been dismissed. In view of its plain lack of merit, I do not plan to appear on May 25, 2005, unless otherwise ordered.

Thank you for assistance.

Sincerely yours,

Mark L. Wolf

cc: Dan Medina
    P.O. Box 100
    S. Walpole, MA 02071

    David Milne

A TRUE COPY
IN WITNESS WHEREOF, I hereunto set
my hand and have caused the seal of
the Probate Court for the County of
Hampden to be affixed on 6/1/05

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**

**HOUSING COURT**
**(Small Claims Session)**
**C.A. Nos.05-SC-0122; 120; 121; 123; 132;**
**133; 134; 135**

---

DAN MEDINA,

               Plaintiff,

      v.

LAURA GENTILE, Assistant Clerk of the
Hampden Superior Court, and KTV, INC.

               Defendants.

---

### DEFENDANT'S RENEWED[1] MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Mass. R. Civ. P. 12(b)(1), 12(b)(6), and the Commonwealth's Tort Claims

Act, G.L. c. 258, §§ 3 and 4, defendant, Laura Gentile, as she is Assistant Clerk of the Hampden

Superior Court ("Ms. Gentile" or "state defendant") hereby moves to dismiss the Complaint

recently filed against her by plaintiff Dan Medina ("Mr. Medina"). As grounds for her motion,

Ms. Gentile states that (1) the action is barred by the doctrine of judicial immunity; (2) the Court

lacks jurisdiction; and (3) Mr. Medina has failed to state a claim upon which he could be granted

relief.

A TRUE COP...
IN WITNESS W... ...reunto set
my hand, and ... ... the seal of
the Housing Court for the County of
Hampden to be affixed on 6/1/05

---

[1]After filing Defendant's Motion to Dismiss Plaintiff's Complaint on April 27, 2005, it was brought to the attention of defendant that Mr. Medina has filed seven additional complaints reflecting frivolity like his previous complaint. This Renewed Motion to Dismiss enlarges the defendants plea to effect dismissal of all eight complaints of Mr. Medina, namely C.A. Nos.05-SC-0122; 120; 121; 123; 132; 133; 134; 135.

## BACKGROUND

Mr. Medina, who has not previously filed a presentment notice[2] of negligence by the Commonwealth and/or its employees, filed eight incomprehensible small claims[3] action in the Housing Court (wrong Small Claims Court) against Ms. Gentile, without indicating with clarity and specificity what, if any, wrong Ms. Gentile has done to him. To the extent the suits are treated as having been brought against the state defendant in her official capacity, they should be dismissed on the basis of judicial immunity (which covers both justices and clerks); lack of jurisdiction; and failure to state a claim upon which relief could be granted. See Mass. R. Civ. P. 12(b)(1), 12(b)(6), and G.L. c. 258, §§ 3 & 4. To the extent that the actions are treated as having been brought against the state defendant in her personal capacity, they should be dismissed because Mr. Medina has alleged no wrongdoing by the defendant.

To the extent the Complaints could be read and understood, Mr. Medina, without any substantiation of any wrong that Ms. Gentile did against him, stated in one complaint – a sample representative of the rest-- as follows:

"Defendant failure to their warranty and to replaid, repaired or reimburse apainst plaintiff

---

[2]See attached Affidavit from Ann Archer, Administrative Attorney for the Administrative Office of the Trial Court. Exhibit A.

[3]Prior to these actions, Mr. Medina had filed numerous other incomprehensible and conclusory actions, reflecting frivolous attributes similar to those adumbrated in the present action. Due to their unintelligibility and frivolous natures, several of these actions have been dismissed instantly. Indeed, due to their attributes, several justices have instructed Mr. Medina to abstain from filing any similar actions except with the approval of the Regional Administrative Justice (see Order Concerning Complaints Filed by Daniel Medina, Middlesex Superior Court, CA No. 97-1826, April 22, 1997, Botsford, J.,) (copy is attached); Order of the Court, Norfolk, SS Unfiled cases, Crastley L, May 1, 2002 (copy is attached) (Exhibit B).

caused a monetary loss, cost, expenses, and a months of time, the plaintiff request for

reimbursement and for jury tialt in this case." See Small Claims # No.05-SC-0122. Exhibit C.

## ARGUMENT

## I.      THE DEFENDANT IS ABSOLUTELY IMMUNE FROM CLAIMS ARISING OUT OF THE PERFORMANCE OF HER OFFICIAL DUTIES.

Mr. Medina filed his actions in the Small Claims Court against Ms. Gentile. See

Complaint Nos. No.05-SC-0122. To the extent Mr. Medina may contend that the actions are

brought against the state defendant in her capacity as the Assistant Clerk-Magistrate of Hampden

Superior Court, the actions are barred by the Doctrine of Judicial immunity. It is axiomatic that

any judicial officer, including officers clerks, acting within the scope of their duties, are

absolutely immune from such litigation. See Temple v. Marlborough Div. of the District Court,

395 Mass. 117, 129-32 (1985) ("doctrine insulates the judge from liability for acts committed in

the exercise of his jurisdiction"), citing Pierson v. Ray, 386 U.S. 549, 553-54 (1967); Stump v.

Sparkman, 435 U.S. 349, 357 (1978), other citations omitted. The immunity is from suit and not

just from ultimate assessment of damages. Fabre v. Walton, 436 Mass. 517, 521 (2002) ([t]he

"entitlement is an immunity from suit rather than a mere defense to liability; and . . . it is

effectively lost if a case is permitted to go to trial") (emphasis added), citing Mitchell v. Forsyth,

472 U.S. 511, 526 (1985). "The right to immunity to suit would be lost forever" if litigation

proceeds until its conclusion. Braun v. Dartmouth, 428 Mass. 684, 688 (1999). The immunity is

vitiated only where the judge or judicial officer acts in a non-judicial context, or in a clear

absence of authority. Mirales v. Waco, 502 U.S. 9, 11 (1991); Pierson, 386 U.S. at 554

("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.")

3

Here, Mr. Medina's abstract assertions have failed to plead that the state defendant acted in an unofficial capacity. See Cok v. Sosentino, 876 F.2d 1 (1st Cir.1989). Accordingly, to the extent his complaints may be treated as against the state defendant as an Assistant Clerk, they are barred by the Doctrine of Judicial Immunity and must, therefore, be dismissed.

## II.    THE COURT SHOULD DISMISS PLAINTIFF'S ACTIONS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

Under G.L. c. 258, the Commonwealth's Tort Claims Act, individual public employees are not liable "for any injury or loss of property . . . caused by [their] negligent or wrongful act or omission while acting within the scope of [their] office or employment." G.L. c. 258, § 2. The exclusive remedy for such a loss or injury is a suit against the relevant "public employer" not the individual public employee. Id. See also Breault v. Chairman of Bd. of Fire Comm'rs, 513 N.E. 2d. 1277, 1283 (1987) (The MTCA "absolved public employees from liability for their negligent acts performed within the scope of official duties"), cert denied, 485 U.S. 906 (1988).

### A.    This Court Lacks Subject Matter Jurisdiction.

Pursuant to Mass. R. Civ. P. 12(b)(1) and G.L. c. 258, the Court should dismiss the actions on at least two jurisdictional grounds: (1) Mr. Medina has failed to effect presentment as required by G.L. c. 258, §§ 4 & 5, and (2) he brought his actions in the wrong court.

#### 1.    Mr. Medina Has Failed to Meet The Presentment Requirement.

Section 4 of G.L. c. 258 provides that "a civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer."  See Kinan v. Trial Court, 400 Mass. 582 (1987) (presentment of claims against clerk of District Court under c.

4

258, § 4, is properly made to the Chief Justice for Administration and Management of the Trial Court). The purpose of this requirement is to ensure that the responsible public official receives notice of the claim so that s/he can investigate to determine whether or not the claim has any basis, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to avoid similar claims in the future. See Yun Ku v. Town of Framingham, 53 Mass. App. Ct. 727 (2002); Martin v. Commonwealth, 53 Mass. App. Ct. 526 (2002); McAllister v. Boston Housing Authority, 429 Mass. 300 (1999); Tivnan v. R.M.V., 50 Mass. App. Ct. 96 (2000).

The presentment requirement is a condition precedent to filing an action, and the statutory prescriptions for it must be rigidly met. Krasnow v. Allen, 29 Mass. App. Ct. 562 (1990) (presentment requirement under the Tort Claims Act is a condition precedent to bringing a suit), rev. denied, 409 Mass. 1102. Antonio v. City of Peabody, 51 Mass. App. Ct. 655 (2001) (presentment of negligence claim upon director of city's council on aging, a public agency of the city, did not suffice as presentment upon the city; director was without authority to compromise or settle claims on behalf of the city); Richardson v. Dailey, 424 Mass. 258 (1997) (letter to city clerk's office relating to pretrial detainee's suicide in holding cell did not satisfy the presentment requirement of the Tort Claims Act where letter discussed only actions of the Commonwealth employees in failing to prevent suicide and did not mention any claim against city); G & B Associates, Inc. v. City of Springfield, 39 Mass. App. Ct. 51 (1995) (in actions brought under the Tort Claims Act, if claimant fails to make proper presentment of his or her claim prior to bringing action, complaint is subject to dismissal for failure to state a claim upon which relief can be granted). Thus, even constructive presentment is insufficient. Berube v, City of

5

Northampton, 413 Mass. 635 (1992) (presentment requirement of Tort Claims Act may not be satisfied by constructive notice; actual presentment to designated executive officer is required); Robinson v. Commonwealth, 32 Mass. App. Ct. 6 (1992) (constructive notice is not sufficient to meet presentment requirement for claim under Massachusetts Tort Claims Act), rev. denied, 412 Mass. 1101; Baptiste v. Sheriff of Bristol County, 35 Mass. App. Ct. 119 (1993) (failure of administratrix of prisoner's estate asserting civil rights claim against sheriff to properly present her negligence claims to the county precluded recovery, even though presentment letter directed to sheriff was relayed to sheriff's department attorney, who allegedly also represented county commissioners); Pickett v. Commonwealth, 33 Mass. App. Ct. 645 (1992) (even if inmate's federal complaint sets forth claim of negligence against state agencies, it was insufficient for presentment under the Massachusetts Tort Claims Act; language of the Act, in requiring presentment of claim in writing, did not envision filing of complaint but rather it invited written notice of claim, which government may investigate and decide to acknowledge before commencement of legal combat), rev. denied. 414 Mass. 1103. Accordingly, an action filed in the Court would be dismissed even if no prejudice is caused by the failure to effect proper presentment. Robinson, 32 Mass. App. Ct. 6 (1992) (it is irrelevant that the defendant may not have suffered any prejudice by reason of lack of actual notice), rev. den. 412 Mass. 1101.

Here, Mr. Medina has failed to make any presentments regarding his actions. Specifically, the designated authority, the Chief Justice for Administration and Management of the Trial Court, has not received any presentment regarding any of Mr. Medina's actions against the State defendant. ( See Affidavit of Ann Archer). This clearly is fatal to his actions because it runs counter to the basic rationale and tenets of the statute, viz., the need to afford the designated

6

authority the opportunity to investigate claims to ensure that they are neither invalid nor inflated.

Accordingly, Mr. Medina's premature action should be dismissed on this jurisdictional ground

too.

2.    Mr. Medina Has Failed to Bring His Actions In the Right Court.

This Court lacks jurisdiction over small claims actions against the Commonwealth and its

officials and must accordingly dismiss the actions on that ground as well. Specifically, only the

Superior Court is authorized to hear and determine claims under the Tort Claims Act. See G.L. c.

258, § 3; Erickson v. Manca, 1992 Mass. App. Div. 199 (District Court Department lacks subject

matter jurisdiction over civil actions brought against public employer; all small claims against city

and its employees acting in the course of their employment must be brought to the Superior

Court); James v. Boston Housing Authority, 1988 Mass. App. Div. 30 (District Court lacks

requisite subject matter jurisdiction to entertain and resolve a Massachusetts Tort Claims Act

case); Alexander v. City of Boston, 1993 Mass. App. Div. 117 (Appellate Division of Municipal

Court lacked subject matter jurisdiction over tort action brought against public employer);

Spencer v. City of Worcester, 1984 Mass. App. Div. 116, 117-118; Keel v. Cambridge Housing

Auth. 1987 Mass. App. Div. 171, 172.

It is settled that when one court is accorded exclusive original jurisdiction over an action,

no other court may exercise "any power or authority to hear" such action. Humphrey v. Berkshire

Woollen Company, 92 Mass. 420, 421 (1865); Nolan, Massachusetts Practice Series, Civil

Practice, Vol. 9, § 106 at p. 149 (1992 2nd ed.) (stating that if a court "has not been given original

jurisdiction over a particular type of proceeding," that court lacks the "power or authority to

decide the case, and any decision rendered is void.") Here, Mr. Medina filed his Complaints in

7

the Housing Court, a Court which lacks jurisdiction over non-housing matters. Thus, the
Complaint should be dismissed for this reason also.

        B.      Mr. Medina Has Failed to State A Claim

Even if Mr. Medina's action were treated as an action brought against the state defendant in
her personal capacity, it should still fail. Not only is the complaint insufficient for any purpose, but,
in addition to its lack of clarity and specificity, it totally fails to allege any wrongdoing on the part of
the defendant. See Mass. R. Civ. P. 12(b)(6). Cf.Eyal v. Helen Broadcasting Corp. 411. Mass.
426, 429 (1991). The complaint should not be dismissed for failure to state a claim "unless it
appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which
would entitle him to relief," Nader v. Citron, 372 Mass. 96, 98 (1977). Seealso Epstein v. Seigel,
396 Mass. 278, 279 (1985). (We look exclusively at the . . . complaint to determine whether it states
"a claim upon which relief can be granted." Mass. R. Civ. P. 12(b)(6). . . . A motion to dismiss
under Rule 12(b)(6) is an appropriate vehicle for raising such a defense).Cf. Gloros v. Perse, 628
F. 2d 679, 684 (1st Cir. 1980) (although pro-se complaints are read liberally, even pro se plaintiffs
must plead specific facts to back their claims). Mr. Medina has totally failed to allege any
intelligible claim, let alone any wrongdoing by the state defendant. Accordingly, his Complaints
fails for this reason too. Cf. Lolos v. Berlin, 338 Mass. 10, 14 (1958) ("the right of a party to have
the court consider a point entails a duty; that duty is to assist the court with argument and
appropriate citation of authority).

8

## CONCLUSION

For any and all of the foregoing reasons, the Court should dismiss Mr. Medina's action.

Respectfully submitted,

LAURA GENTILE,
Assistant Clerk of the Hampden Superior Court

By her attorney,

Date: May 3, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney
Administrative Office of the Trial Court
Two Center Plaza, Room 540
Boston, MA 02108

(617) 878-0207

9

*JCC's copy*

*Exhibit B*

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    UNFILED CASES

### DANIEL MEDINA

#### vs.

MICHAEL MAHONEY, Commissioner of Department of Corrections,
SUSAN MOITZO, MARNIE HAIRAPETIAN, K.T.V. INC.,
LORI MALAKOFF, DURACRAFT CORPORATION
HONEYWELL CORP., ATTORNEY WAYNE MURPHY,
ATTORNEY TIMOTHY FLAHERTY, PETER E. ALLEN,
CAPTAIN FURTADO, and ABBY NELLIGAN

### ORDER OF THE COURT

Following the reasoning of Judges Botsford (Middlesex County) and Hinkle (Suffolk

County), I have reviewed all eleven of this pro-se plaintiff's recent complaints (dated

3/24/02, three on 3/28/02, three on 3/29/02, two on 4/11/02, and two on 4/17/02) I find, as

did Judges Botsford and Hinkle, that each complaint contains conclusory and unintelligible

allegations and accusations, often using inappropriate and repetitive language. While

Medina certainly has a right to file complaints which allege facts and causes of action that

may properly be addressed in a civil action, he does not have a right overburden the

courts, the attorneys, and the government agencies and officials who will be called upon

respond by filing complaints filled with conclusory, repetitive allegations and improper

language.

Therefore, I conclude that this pro se petitioner is a vexatious litigant who has

abused his right to petition this Court for redress of grievances by filing repetitious, frivolous, unintelligible, and unnecessary civil actions without justification.

For all of these reasons, while this petitioner does appear to be indigent, I exercise my administrative discretion to prohibit the filing of those eleven lawsuits.


John C. Cratsley
Justice of the Superior Court

**DATED:** May 1, 2002

JUL-22-'98 WED 08:46  ID:R! Y GENERAL CRIM1   TEL NO:517-727-5755        E567 P04

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV98-01447              As of 07/13/98

Medina v McDonough, County Comr          Page 2

**\* \* \* DOCKET \* \* \***

DATE   PAPER ENTRY

Administrative Justice, Civil for review (2) If the Regional
Administrative Justice approves the proposed complaint for
filing, the same shall be entered in the Clerk's Office, and the
case will be assigned to a regular civil session in Suffolk
County - If the Regional Administrative Justice declines to
approve the proposed complaint for filing, the same shall not be
filed but shall be returned to Mr. Medina (Hinkle, Justice).
05/29/98  7.0 Memorandum of decision and order (Hinkle, J.) Notice sent
6/01/98
06/02/98  8.0 JUDGMENT OF MOTION TO DISMISS (PURSUANT TO MASS R CIV P
12(b)
The complaint of plff is dismissed and deft recover costs
entered on docket pursuant to Mass R Civ P 58(a) and notice sent
to parties pursuant to Mass R Civ P 77(d) (Hinkle, J.)

**\* \* \* CALENDAR \* \* \***

| DATE | COURT EVENT | EVENT STATUS | SES | SCH DATE |
|------|-------------|--------------|-----|----------|
| 05/22/98 | HRNG: Rule12 motion | Held | B | 05/22/98 |

hearing on motion to dismiss and show cause hearing

fee, & service fee

| | |
|---|---|
| 03/18/98 | Origin 1, Type E17, Track A. |
| 03/18/98 | 2.0 Complaint |
| 03/18/98 | 3.0 Civil action cover sheet re: complaint |
| 05/08/98 | 4.0 Motion of deft to Dismiss (w/o opposition) |
| 05/08/98 | 5.0 Request of deft for change of Venue |
| 05/14/98 | Writ of Habeas Corpus to issue ret'ble Fri May 22,1998 Rm 243 re:Mo to dismiss (Hinkle,J) Writ issued (See P#4) Notice sent 5/15/98 |
| 05/29/98 | 6.0 ORDER entered after show cause hearing - it is ORDERED that: (1) Daniel Medina is enjoined from filing, submitting for filing, or seeking to file any new civil action in Suffolk County without first submitting the proposed complaint to the Regional |

EXHIBIT B

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 97-1816

## DANIEL MEDINA

vs.

## HERBERT P. WILKINS,
## CHIEF JUSTICE OF THE SUPREME JUDICIAL COURT

## ORDER CONCERNING COMPLAINTS FILED BY DANIEL MEDINA

The plaintiff Daniel Medina filed this action on April 10, 1997. From January 1, 1997 to date, Medina has filed a total of twenty-three separate complaints. Each of them is brought against various public officials in Federal, State and local government agencies as well as the State Supreme Judicial Court, alleging, inter alia, violation of several constitutional rights.

Medina is an inmate at the Massachusetts Correctional Institution at Cedar Junction, apparently serving a sentence imposed after his 1994 conviction in the Superior Court in Norfolk County after a trial on one or more indictments. A review of the complaints filed by Medina indicates that many of them complain about issues and matters which must be raised first in the context of any appeal or motion for new trial he may be bringing in connection with the criminal conviction(s). Other complaints contain conclusory allegations and accusations against a variety of governmental officials, sometimes cast in highly inappropriate language. Furthermore, in none of these complaints is there any indication of why Middlesex County is a proper venue for the action, given that Medina is currently residing in Norfolk County and the officials he has named as defendants do not have offices in Middlesex County. While Medina certainly has a right to file complaints which allege facts and causes of action that may properly be addressed in

1



Exhibit B

MAY 1'97 00:49 FR MIDDLES    SUPER COURT 17 491 1760 TO 7275753    P.03

Exhibit D

a civil action, he does not have a right to overburden the courts and the government agencies and

officials who will be called upon to respond by filing complaints filled with conclusory,

repetitive allegations and improper language.

In light of the pattern of excessive filing that has been established here, it is ORDERED

as follows:

1. Daniel Medina is enjoined from filing, submitting for filing, or seeking to file

any new civil action in Middlesex County without first submitting the proposed

complaint to the Regional Administrative Justice, Civil, for review.

2. If the Regional Administrative Justice approves for filing the proposed

complaint, the same shall be entered in the Clerk's Office, and the case will be assigned

to a regular civil session in Middlesex County. If the Regional Administrative Justice

declines to approve the proposed complaint for filing, the same shall not be filed but shall

be returned to Medina.

Margot Botsford
Regional Administrative Justice, Civil

Dated: April 22, 1997.

2

** TOTAL PAGE.003 **

**...MENT OF SMALL CLAIM AND NOTICE OF TRIAL**

Court Use Only: **05-SC-0122**

**Court of Massachusetts** — **Small Claims Session**

☐ BOSTON MUNICIPAL COURT ☐ Division

☒ DISTRICT COURT **Springfield** Division

☐ HOUSING COURT ☐ Division

| PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE | PLAINTIFF'S ATTORNEY (if any) |
|---|---|
| DAN MEDINA | Name: |
| P.O. BOX 100, | Address: |
| S. WALPOLE MA 02071 | |
| PHONE NO: | PHONE NO:        BBO NO: |

| DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE | ADDITIONAL DEFENDANT (if any) |
|---|---|
| LAURA R. GENTILE | Name: KTV LLC |
| 50 STATE ST. P.O. BOX 559 | Address: 1 MADISON Street |
| Springfield 01102 | East RUTHERFORD N.J. 07073 |
| PHONE NO: | PHONE NO: |

**PLAINTIFF'S CLAIM.** The defendant owes $ 1800⁰⁰ plus $_____ court costs for the following reasons: Give the date of the event that is the basis of your claim.

Defendant failure to their warranty and to harbor, repaired or reimburse it against plaintiff caused to monetary loss, cost, expenses, and amounts of time. The plaintiff request file a new compliant and for a jury trial in this case.

SIGNATURE OF PLAINTIFF X _____     DATE 3/7/05

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☒ The plaintiff is willing to attempt to settle this claim through court mediation.

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:

☒ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

X _____     3/7/05
SIGNATURE OF PLAINTIFF     DATE

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT
TRIAL COURT OF THE COMMONWEALTH
Housing Court Department – Western Division
Post Office Box 559 - 37 Elm Street
Springfield, Massachusetts 01102-0559

DATE AND TIME OF TRIAL
5-25-05 AT 10:00 AM.
DATE        TIME

ROOM NO.

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED — COURT USE ONLY

FIRST JUSTICE William Abrashen

CLERK-MAGISTRATE OR DESIGNEE Robert G Fields

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on r...

DC-SC-1 (01/02)     ATENCIÓN: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8575
Fax: (617) 742-0968

May 3, 2005

Housing Court Department–Western Division
Att: the Clerk
37 Elm Street
Springfield, MA.01102

> **RE:** **Dan Medina v. Laura Gentile, Hampden Housing Court, Small Claims
> Session, Docket #s. 05-SC-0122, C.A. Nos.05-SC-0122; 120; 121; 123; 132;
> 133; 134; 135.**

Dear Sir/Madam:

Enclosed for filing and docketing please find, along with an affidavit, Defendant's
Renewed Motion to Dismiss.

Thanks for your assistance in this matter.

Very truly yours,

Christopher O. Quaye
Administrative Attorney
(617) 878-0207

cc:

Dan Medina, pro se
807 Cushing Road
Warren, ME 04864

Dan Medina
P. O. Box 100
South Walpole, MA. 02071

Laura Gentile, Assistant Clerk
Hampden Superior Court
Hall of Justice
50 State Street,
Springfield, MA 01102

## CERTIFICATE OF SERVICE

I, Christopher O. Quaye, Administrative Attorney at the Administrative Office of the Trial

Court, hereby certify that I have on this day, May 3, 2005, served the within State Defendant's

Renewed Motion to Dismiss Complaint upon plaintiff by  causing a copies to be mailed first

class, postage prepaid to:

Dan Medina
P. O. Box 100
South Walpole, MA. 022071

Dan Medina
807 Cushing Road
Warren, MA 04864

Date: May 3, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney

Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**                                      **HOUSING COURT**
                                                     **(Small Claims Session)**
                                                     **C.A. Nos.05-SC-0122; 120; 121; 123; 132;**
                                                     **133; 134; 135**

DAN MEDINA,

                        Plaintiff,

                v.

LAURA GENTILE, Assistant Clerk of the
Hampden Superior Court, and KTV, INC.

                        Defendants.

### AFFIDAVIT OF ANN ARCHER

I, Ann Archer, hereby depose and say that:

1.      I am an Administrative Attorney of the Legal Department of the Administrative Office of
        the Trial Court and keeper of the records of claims against the Trial Court made pursuant
        to G.L. c. 258;

2.      The Chief Justice for Administration and Management is statutorily authorized by G.L. C.
        258 to receive presentment of tort claims against the Trial Court;

B.      It is standard procedure in the Administrative Office of the Trial Court that presentment
        letters for claims against the Trial Court pursuant to G.L. c. 258 are forwarded to my
        attention;

C.      I have caused a search to be made of the files of this office and, to the best of my
        knowledge, no written presentment of the claims, which are the subject of the above-
        entitled actions, has been received by this office.

        Signed under the pains and penalties of perjury on the ___3___ day of May, 2005.

                        *A. Asher*
                        Ann Archer
                        Administrative Attorney
                        Administrative Office of the Trial Court
                        2 Center Plaza, Room 540
                        Boston, MA. 02108
                        (617) 878 0220

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8575
Fax: (617) 742-0968

May 5, 2005

Housing Court Department–Western Division
Att: the Clerk
37 Elm Street
Springfield, MA.01102

05 SC 121

Dear Sir/Madam:

RE:    LAURA GENTILE v. DAN MEDINA,
       HOUSING COURT DEPARTMENT–WESTERN DIVISION
       (UNDOCKETED)

Enclosed for docketing, filing, and action by the Court, please find Petition of the
Assistant Clerk Magistrate of the Hampden Superior Court for an Order Precluding Dan Medina
from Filing Any New Complaints in this Court Without the Approval of the First Justice.

Thank you.

Very truly yours,

Christopher O. Quaye
Administrative Attorney

Cc:

Dan Medina
807 Cushing Road
Warren, ME 04864

Dan Medina
P. O. Box 100
South Walpole, MA. 02071

Laura Gentile, Assistant Clerk
Hampden Superior Court
Hall of Justice
50 State Street,
Springfield, MA 01102

IN WITNESS A TRUE COPY
my hand, and have caused the seal of
the Housing Court for the County of
Hampden to be affixed on 6/1/05

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8575
Fax: (617) 742-0968

## **CERTIFICATE OF SERVICE**

I, Christopher O. Quaye, Administrative Attorney at the Administrative Office of the

Trial Court, hereby certify that I have on this day, May 5, 2005, served along with exhibits the

within State Defendant's to Preclude upon plaintiff by causing a copies to be mailed first class,

postage prepaid to:

Dan Medina
P. O. Box 100
South Walpole, MA. 022071

Dan Medina
807 Cushing Road
Warren, MA 04864

Date: May 3, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**                                    **HOUSING COURT**

| |
|---|
| LAURA GENTILE, Assistant Clerk of the Hampden Superior Court, |
| Plaintiff, |
| v. |
| DAN MEDINA, |
| Defendants. |

## PETITION OF THE ASSISTANT CLERK OF THE HAMPDEN SUPERIOR COURT FOR AN ORDER PRECLUDING DAN MEDINA FROM FILING ANY NEW COMPLAINTS IN THIS COURT WITHOUT THE APPROVAL OF THE FIRST JUSTICE

The duly appointed Assistant Clerk-Magistrate of the Hampden Housing Court, Laura Gentile, hereby requests an order precluding Dan Medina ("Mr. Medina") from filing any new actions in this court without the approval of the First Justice. Mr. Medina has a long history of filing frivolous and vexatious lawsuits in this court and in other courts of the commonwealth.[1]

_____

[1] See, e.g., Medina v. Herbert Wilkins, Chief Justice of the Supreme Judicial Court, Middlesex Superior Court, CA No. 97-1826 (Botsford, J.) (holding that Mr. Medina does not have a right to improperly overburden the courts with his vexatious and conclusory complaints, court issued an order enjoining him from filing any actions except with the approval of the Regional Administrative Justice); (copy is attached as Exhibit A) Medina v. McDonough, County Commr, Suffolk Superior Court, CA No. 98-01447 (Hinkle, J.) (enjoining Mr. Medina from filing, submitting, or seeking to file any new civil action in Suffolk County without first submitting the proposed complaint to the Regional Administrative Justice (Exhibit B); Medina v. Marshall, SUCV98-01340 (Hinkle, J) (enjoining Mr. Medina from filing, etc., any new civil action in Suffolk County without first submitting it to the regional administrative justice for review and approval) (Exhibit C); Medina v. Mahoney, et al, Norfolk, ss Unfiled Cases. Exhibit D, stressing:

I have reviewed all eleven of this pro-se plaintiff's recent complaints . . . I find. . .

Most recently, Mr. Medina has attempted to file 8 new complaints in the Small Claims session

of this court, naming Laura Gentile, the Assistant Clerk of the Hampden Superior Court as a

defendant. To the extent that these actions are readable, one representative sample reads:

"Defendant failure to their warranty and to replaid, repaired or reimburse apainst plaintiff caused

a monetary loss, cost, expenses, and a months of time, the plaintiff request for reimbursement

and for jury tialt in this case." See Small Claims # No.05-SC-0122. Exhibit G. They do not

allege that the named state defendant caused Medina any harm or injury. They are, in fact,

poorly crafted tort claims. Nor do they meet the presentment and jurisdictional requirements of

the applicable statute, G.L. c. 258, §§ 3 & 4. Accordingly, the Assistant Clerk seeks an order

precluding Mr. Medina from filing new complaints except with the approval of the First Justice.

As grounds for this petition the Assistant Clerk Magistrate asserts that Mr. Medina is not

seeking to adjudicate valid claims or grievances, but rather is abusing the judicial process by,

inter alia, seeking to avail himself of the Small Claims Rules in circumvention of orders properly

entered by the Superior Court precluding him from filing any new actions in the Superior Court,

---

that each complaint contains conclusory and unintelligible allegations and
accusations . . . . While Medina certainly has a right to file complaints . . . he
does not have a right to overburden the courts, the attorneys, and government
agencies and officials who will be called upon to respond by filing complaints
filled with conclusory, repetitive allegations and improper language. . .

I conclude that this pro se petitioner is a vexatious litigant who has abused his
right to petition this court for redress of grievances . . . . I exercise my
administrative discretion to prohibit the filing of those eleven lawsuits.

See also Medina v. Francis Fecteau & Thomas Mitchell, Worcester District Court, CA. No. 04-
62SC2772-0462SC2778 (Prosser, J)(dismissing complaints for lack of subject matter
jurisdiction) (Exhibit E); Medina v. John Connor, Sr, Worcester District Court, CA. No.
0462SC001886- 0462SC001889 (Prosser, J) (dismissing for, inter alia, lack of subject matter
jurisdiction) (Exhibit F).

except with the approval of the Regional Administrative Justice of the Superior Court.

## BACKGROUND

Mr. Medina recently filed eight separate actions in the Small Claims session of this court, naming Laura Gentile, the Assistant Clerk Magistrate of the Hampden Superior Court as a defendant. See Hampden Housing Court, (Small Claims Session)   C.A. Nos.05-SC-0122; 120; 121; 123; 132; 133; 134; 135.   However, he completely failed to allege or assert any conduct or actions of the named state defendant that caused the claimed injuries. See one representative sample, Exhibit G.   More specifically, to the extent the Complaints can be read and understood, the representative sample states that "[de]fendant failure to their warranty and to replaid, repaired or reimburse apainst plaintiff caused a monetary loss, cost, expenses, and a months of time, the plaintiff request for reimbursement and for jury tialt in this case," id..   The defendant in these actions has filed a Motion to Dismiss, based on, inter alia, the frivolity of the complaints; Mr. Medina's failure to meet the presentment requirements of  G.L. c., 258, § 4; and lack of subject matter jurisdiction.

## ARGUMENT

### THE COURT SHOULD ISSUE AN ORDER PRECLUDING MR. MEDINA FROM FILING NEW ACTIONS, EXCEPT WITH THE APPROVAL OF THE FIRST JUSTICE.

The Court should an order barring Mr. Medina from instituting any actions except with the approval of the First Justice, because, Mr. Medina has not sought to adjudicate valid claims or grievances, but rather has consistently and repeatedly abused the judicial process.

#### Mr. Medina Is Abusing the Judicial Process.

An individual does not have an unfettered right to file vexatious and frivolous actions.

3

See Medina v. Wilkins, Exhibit A ("while Medina certainly has a right to file complaints which allege facts and causes of action that may properly be addressed in a civil action, he does not have a right to overburden the courts and government agencies and officials who will be called upon to respond by filing complaints filled with conclusory, repetitive allegations and improper language"); Medina v. Mahoney, Exhibit D ("this pro se petitioner is a vexatious litigant who has abused his right to petition this court for redress of grievances by filing repetitious, frivolous, unintelligible, and unnecessary civil actions without justification. . . . For these reasons, . . . I . . . prohibit the filing of those eleven lawsuits.")  Cf. Pavilonis v. King, 626 F. 2d 1075 (1980) (affirming dismissal of "hopelessly general" complaints that could not give notice of plaintiff's claims; enjoining plaintiff from filing any lawsuit in federal district court; and prohibiting the clerk of court from accepting for filing any papers submitted by plaintiff without authorization of the district judge).  Indeed, Mr. Medina has himself already been precluded from filing actions in the Superior Court without the prior approval of the Regional Administrative Justice of the Superior Court.  See Medina v. Wilkins, Exhibit A (based on, inter alia, conclusory, unintelligible and vexatious natures of these complaints, court, after acknowledging Mr. Medina's indisputable right to file civil complaints, issued an order enjoining him from filing any actions in that court except with the approval of the Regional Administrative Justice); Medina v. Mahoney, Exhibit D (same).  See also Medina v. McDonough, Exhibit B (enjoining Mr. Medina from filing, submitting, or seeking to file any new civil action in Suffolk County without first submitting the proposed complaint to the Regional Administrative Justice); Medina v. Marshall, Exhibit C (enjoining Mr. Medina from filing, etc., any new civil action in Suffolk County without first submitting it to the Regional Administrative Justice for review and

4

approval).

For the same reasons as articulated by the Justices of the Superior Court in the above-cited cases, this Court should enter an order precluding Mr. Medina from filing any actions in this Court without the prior approval of the First Justice because virtually all his actions are vexatious, frivolous, unnecessary, and totally lacking in any cognizable claim and it would be excessively burdensome to allow him to continue filing actions without reviewing his claims to ascertain whether they have any cognizable basis. Medina should be allowed to file suits in this Court only upon ascertainment by the First Justice that there is a cognizable claim and that this Court has jurisdiction.

## CONCLUSION

For the foregoing reasons, this Court should issue an order precluding Mr. Medina from filing any new actions without the approval of the First Justice of this Court.

> Respectfully submitted,
> LAURA GENTILE,
> Assistant Clerk,
>
> By her attorney,
>
> Christopher O. Quaye, BBO # 637594
> Administrative Attorney
> Office of the Chief Administrative Justice
> Two Center Plaza, Room 540
> Boston, MA 02108
>
> (617) 878-0207

Date: May 3, 2005

5

JUL-23-'9C LD 09:43  ID.ATTY GENERAL CRIM1    TEL NO:617-72. .55    #957 P02

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV98-01447      As of 07/13/98

Medina v McDonough, County Comr

---

FILE/RTRN DATE 03/18/98    CASE STATUS djupomo  Disposd: jdg aft po tr mo l
STATUS DATE 06/02/98    SESSION B    Civil B
CASE ORIGIN 1    CASE TYPE E17    Civil Rights Act (12.011H |
  LEAD CASE    TRACK A  JURY n

------------------- Tracking Deadlines ----------------------
  SERVICE 06/16/98    ANSWER 08/15/98  RULE 12/19/20 08/15/98 |
  RULE 15 06/11/99    DISCOVERY 05/06/00    RULE 56 07/05/00 |
  FINAL PTC 11/02/00    DISPOSITION 03/17/01

---

Pro Se Plaintiff
Daniel Medina
PO Box 100
S Walpole MA 02071
Active (prisoner) 04/07/98 Notify

Defendant    Private Counsel 556193
Joseph P McDonough, County Comr    Steven M Walsh
Answered: 05/08/98    Plymouth County Sheriff's Office
Answered 05/08/98    Obery Street
    Plymouth MA 02360
    Phone: 508-746-0610
    Fax: 508-830-0182
    Active 05/08/98 Notify

* * *  D O C K E T  * * *
-----------------------------------------------------------

DATE  PAPER ENTRY
-----------------------------------------------------------

03/18/98  1.0 Affidavit of indigency & request for waiver, substitution or
    state payment of fees & costs, filed & approved as to filing



fee, & service fee

03/18/98    Origin 1, Type E17, Track A.

03/18/98    2.0 Complaint

03/18/98    3.0 Civil action cover sheet re: complaint

05/08/98    4.0 Motion of deft to Dismiss (w/o opposition)

05/08/98    5.0 Request of deft for change of Venue ...

05/14/98    Writ of Habeas Corpus to issue ret'ble Fri May 22,1998 Rm 243
            re:Mo to dismiss (Hinkle,J) Writ issued (See P#4) Notice sent
            5/15/98

05/29/98    6.0 ORDER entered after show cause hearing - it is ORDERED that: (1)
            Daniel Medina is enjoined from filing, submitting for filing, or
            seeking to file any new civil action in Suffolk County without
            first submitting the proposed complaint to the Regional

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV98-01447          As of 07/13/98

Medina v McDonough, County Comr          Page 2

**∗∗∗ DOCKET ∗∗∗**

DATE   PAPER ENTRY

Administrative Justice, Civil for review (2) If the Regional
Administrative Justice approves the proposed complaint for
filing, the same shall be entered in the Clerk's Office, and the
case will be assigned to a regular civil session in Suffolk
County - If the Regional Administrative Justice declines to
approve the proposed complaint for filing, the same shall not be
filed but shall be returned to Mr Medina (Hinkle, Justice)

05/29/98   7.0 Memorandum of decision and order (Hinkle, J.) Notice sent
6/01/98

06/02/98   8.0 JUDGMENT OF MOTION TO DISMISS (PURSUANT TO MASS R CIV P
12(b)

The complaint of plff is dismissed and deft recover costs
entered on docket pursuant to Mass R Civ P 58(a) and notice sent
to parties pursuant to Mass R Civ P 77(d) (Hinkle, J.)

**∗∗∗ CALENDAR ∗∗∗**

| DATE | COURT EVENT | EVENT STATUS | SES | SCH DATE |
|------|-------------|--------------|-----|----------|
| 05/22/98 | HRNG: Rule12 motion | Held | B | 05/22/98 |
|  | hearing on motion to dismiss and show cause hearing | | | |

Exhibit B



EXHIBIT

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 97-1876

## DANIEL MEDINA

vs.

## HERBERT P. WILKINS,
### CHIEF JUSTICE OF THE SUPREME JUDICIAL COURT

### ORDER CONCERNING COMPLAINTS FILED BY DANIEL MEDINA

The plaintiff Daniel Medina filed this action on April 10, 1997. From January 1, 1997 to date, Medina has filed a total of twenty-three separate complaints. Each of them is brought against various public officials in Federal, State and local government agencies as well as the State Supreme Judicial Court, alleging, inter alia, violation of several constitutional rights.

Medina is an inmate at the Massachusetts Correctional Institution at Cedar Junction, apparently serving a sentence imposed after his 1994 conviction in the Superior Court in Norfolk County after a trial on one or more indictments. A review of the complaints filed by Medina indicates that many of them complain about issues and matters which must be raised first in the context of any appeal or motion for new trial he may be bringing in connection with the criminal conviction(s). Other complaints contain conclusory allegations and accusations against a variety of governmental officials, sometimes cast in highly inappropriate language. Furthermore, in none of these complaints is there any indication of why Middlesex County is a proper venue for the action, given that Medina is currently residing in Norfolk County and the officials he has named as defendants do not have offices in Middlesex County. While Medina certainly has a right to file complaints which allege facts and causes of action that may properly be addressed in

)



Exhibit

Exhibit C

a civil action, he does not have a right to overburden the courts and the government agencies and

officials who will be called upon to respond by filing complaints filed with conclusory,

repetitive allegations and improper language.

In light of the pattern of excessive filing that has been established here, it is ORDERED

as follows:

1. Daniel Medina is enjoined from filing, submitting for filing, or seeking to file

any new civil action in Middlesex County without first submitting the proposed

complaint to the Regional Administrative Justice, Civil, for review.

2. If the Regional Administrative Justice approves for filing the proposed

complaint, the same shall be entered in the Clerk's Office, and the case will be assigned

to a regular civil session in Middlesex County. If the Regional Administrative Justice

declines to approve the proposed complaint for filing, the same shall not be filed but shall

be returned to Medina.

_Margot Botsford_
Margot Botsford
Regional Administrative Justice, Civil

Dated: April 22, 1997

2

R . Miding
order-
(Suffolk)

Court has instructed the Clerk's office to take the following
action: - Service is to be made upon defendant(s) by means of
certified mail by plaintiff - A copy of the complaint is to be
sent to the Office of the Attorney General or the Department o:

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV98-01340                          As of 06/22/9

Medina v Marshall, Supt MCI-Cedar et al                    Page

* * *  D O C K E T  * * *

-------------------------------------------------------------------
DATE        PAPER ENTRY
--------    -----  -------------------------------------------------
            Corrections by the Plaintiff - (van Gestel, J.) Notice Sent
            03/18/98
05/29/98    5.0  ORDER entered after show cause hearing it is ordered that
            1)Daniel Medina is enjoined form filing, submitting for filing
            or seeking to file any new civil action in Suffolk County
            without first submitting the proposed complaint to the regional
            adminstrative justice for review & 2)if the regional
            adminstrative justice approves the proposed complaint for filir
            the same shall be entered in the Clerk's office and the case
            will be assigned to a regular civil session in Suffolk County i
            the regional adminstrative justice declines to approve the
            proposed complaint for filing the same shall not be filed but
            shall be returned to Mr Medina (Margaret Hinkle, Justice)

Exhibit C

JCCS copy
Exhibit Ø

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          UNFILED CASES

### DANIEL MEDINA

### vs.

**MICHAEL MAHONEY, Commissioner of Department of Corrections,
SUSAN MOITZO, MARNIE HAIRAPETIAN, K.T.V. INC.,
LORI MALAKOFF, DURACRAFT CORPORATION
HONEYWELL CORP., ATTORNEY WAYNE MURPHY,
ATTORNEY TIMOTHY FLAHERTY, PETER E. ALLEN,
CAPTAIN FURTADO, and ABBY NELLIGAN**

### ORDER OF THE COURT

Following the reasoning of Judges Botsford (Middlesex County) and Hinkle (Suffolk County), I have reviewed all eleven of this pro-se plaintiff's recent complaints (dated 3/24/02, three on 3/28/02, three on 3/29/02, two on 4/11/02, and two on 4/17/02.) I find, as did Judges Botsford and Hinkle, that each complaint contains conclusory and unintelligible allegations and accusations, often using inappropriate and repetitive language. While Medina certainly has a right to file complaints which allege facts and causes of action that may properly be addressed in a civil action, he does not have a right overburden the courts, the attorneys, and the government agencies and officials who will be called upon to respond by filing complaints filled with conclusory, repetitive allegations and improper language.

Therefore, I conclude that this pro se petitioner is a vexatious litigant who has

abused his right to petition this Court for redress of grievances by filing repetitious, frivolous, unintelligible, and unnecessary civil actions without justification.

For all of these reasons, while this petitioner does appear to be indigent, I exercise my administrative discretion to prohibit the filing of those eleven lawsuits.


John C. Cratsley
Justice of the Superior Court

DATED: May 1, 2002

Exhibit E 

| | DOCKET NUMBER | Trial Court of Massachusetts |
|---|---|---|
| **JUDGMENT OF DISMISSAL** | **200462SC002772** | **District Court Department** |
| | | **Small Claims Session** |

CASE NAME: DAN MEDINA vs. FRANCIS FECTEAU AS HE IS SUPERIOR COURT JUSTICE

PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT
P01 DAN MEDINA

CURRENT COURT
**Worcester District Court**
**50 Harvard Street**
**Worcester, MA 01608-1198**
**(508) 757-8350**

DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT
D01 FRANCIS FECTEAU as he is SUPERIOR COURT JUSTICE
D02 THOMAS J. MITCHELL as he is CHIEF OF PROBATION DEPT.

←←←←←
WHEN
YOU
MUST
APPEAR

ROOM/SESSION

←←←←←

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
D01 FRANCIS FECTEAU as he is SUPERIOR COURT JUSTICE
2 MAIN STREET
WORCESTER, MA 01608

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

### JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon the court's own motion. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

DATE JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK
15/2004 | X / Michael Thoma

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
## 0462SC2772
## Dan Medina v. Francis Fecteau & Thomas Mitchell

The above captioned action was filed with the Worcester District Court June 14, 2004 by the plaintiff against Francis Fecteau, a justice of the Superior Court Department, and Thomas J. Mitchell, as he is Chief of the Probation Department in Dedham, MA.

Such a claim against these defendants is precluded by G.L. chapter 258, the Tort Claims Act. Actions of this nature must be brought in the Superior Court; the District Court Department lacks the subject matter jurisdiction to hear and decide such claims.

The claims are ordered dismissed, sua sponte, by the court.

Michael D. Prosser, Magistrate

| JUDGMENT OF DISMISSAL | DOCKET NUMBER<br>**200462SC002773** | **Trial Court of Massachusetts**<br>**District Court Department**<br>**Small Claims Session**  |

CASE NAME   DAN MEDINA vs. FRANCIS FECTEAU AS HE IS SUPERIOR COURT JUSTICE

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>P01 DAN MEDINA | CURRENT COURT<br>**Worcester District Court**<br>50 Harvard Street<br>Worcester, MA 01608-1198<br>(508) 757-8350 | |
|---|---|---|
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE<br>D02 BARRY J. LACROIX as he is  DIRECTOR CRIMINAL HIST BOARD | | ←←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←←← |
| | ROOM/SESSION | |
| PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE<br>    2 MAIN STREET<br>    WORCESTER, MA 01608 | | |
| ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED | | |

### JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon the court's own motion. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

| DATE JUDGMENT ENTERED<br>06/15/2004 | CLERK-MAGISTRATE/ASST. CLERK<br>X ( *[signature]* |

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
# 0462SC2773
# Dan Medina v. Francis Fecteau & Barry J. LaCroix

The above captioned action was filed with the Worcester District Court June 14, 2004 by the plaintiff against Francis Fecteau, a justice of the Superior Court Department, and Barry J. LaCroix, the Director of the Criminal Systems History Board.

Such a claim against these defendants is precluded by G.L. chapter 258, the Tort Claims Act. Actions of this nature must be brought in the Superior Court; the District Court Department lacks the subject matter jurisdiction to hear and decide such claims.

The claims are ordered dismissed, sua sponte, by the court.

_Michael Prosser_

Michael D. Prosser, Magistrate

| JUDGMENT OF DISMISSAL | DOCKET NUMBER<br>200462SC002774 | Trial Court of Massachusetts<br>District Court Department<br>Small Claims Session |  |
|---|---|---|---|

CASE NAME    DAN MEDINA vs.  FRANCIS FECTEAU AS HE IS SUPERIOR COURT JUSTICE

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>P01 DAN MEDINA | CURRENT COURT<br>Worcester District Court<br>50 Harvard Street<br>Worcester, MA 01608-1198<br>(508) 757-8350 | |
|---|---|---|

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE<br>D02 JEFFREY D. MERRILL as he is  WARDEN | | ←←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR |
|---|---|---|
| | ROOM/SESSION | ←←←←← |

| PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE<br>2 MAIN STREET<br>WORCESTER, MA 01608 | |
|---|---|

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

## JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon the court's own motion.This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

| DATE JUDGMENT ENTERED<br>06/15/2004 | CLERK-MAGISTRATE/ASST. CLERK<br>X Michael Pron. M |
|---|---|

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
## 0462SC2774
# Dan Medina v. Francis Fecteau & Jeffrey D. Merrill

The above captioned action was filed with the Worcester District Court June 14, 2004 by the plaintiff against Francis Fecteau, a justice of the Superior Court Department, and Jeffrey D. Merrill, Warden of the Maine State Prison in Warren, Maine.

Such a claim against defendant Francis Fecteau is precluded by G.L. chapter 258, the Tort Claims Act. An action of this nature must be brought in the Superior Court; the District Court Department lacks the subject matter jurisdiction to hear and decide such a claim.

The claim as to the defendant Jeffrey D. Merrill gives no indication that he is subject to the jurisdiction of this court. The claim as to defendant Merrill is dismissed for lack of personal jurisdiction under G.L. chapter 223A section 3 (the Massachusetts "Long-Arm Statute").

The claims are ordered dismissed, sua sponte, by the court.

_____
Michael D. Prosser, Magistrate

| **JUDGMENT OF DISMISSAL** | DOCKET NUMBER<br>200462SC002775 | **Trial Court of Massachusetts**<br>**District Court Department**<br>**Small Claims Session**  |
|---|---|---|

CASE NAME   DAN MEDINA  vs.  FRANCIS FECTEAU AS HE IS SUPERIOR COURT JUSTICE

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>P01 DAN MEDINA | CURRENT COURT<br>Worcester District Court<br>50 Harvard Street<br>Worcester, MA 01608-1198<br>(508) 757-8350 | |
|---|---|---|

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE<br>D02 MCKINNON FRANCES as she is  SERGEANT, MCI CEDAR JUNCTION | | ←←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR |
|---|---|---|
| | ROOM/SESSION | ←←←←← |

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE
    2 MAIN STREET
    WORCESTER, MA 01608

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

### JUDGMENT OF DISMISSAL

In the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon the court's own motion. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
## 0462SC2775
## Dan Medina v. Francis Fecteau & Frances McKinnon

The above captioned action was filed with the Worcester District Court June 14, 2004 by the plaintiff against Francis Fecteau, a justice of the Superior Court Department, and Frances McKinnon, a sergeant at MCI Cedar Junction.

Such a claim against these defendants is precluded by G.L. chapter 258, the Tort Claims Act. Actions of this nature must be brought in the Superior Court; the District Court Department lacks the subject matter jurisdiction to hear and decide such claims. Further the requirements of G.L. chapter 127 §§38E-H requiring exhaustion of administrative remedies have not been met with regards to the claim against defendant McKinnon.

The claims are ordered dismissed, sua sponte, by the court.

_Michael Prosser_
Michael D. Prosser, Magistrate

| JUDGMENT OF DISMISSAL | DOCKET NUMBER 200462SC002776 | Trial Court of Massachusetts District Court Department Small Claims Session |
|---|---|---|

CASE NAME  DAN MEDINA  vs.  FRANCIS FECTEAU AS HE IS SUPERIOR COURT JUSTICE

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT | CURRENT COURT |
|---|---|
| P01 DAN MEDINA | Worcester District Court 50 Harvard Street Worcester, MA 01608-1198 (508) 757-8350 |

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT | | |
|---|---|---|
| D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE D02 KATHLEEN M. DENNEHY as she is  COMMISSIONER DEPT. OF CORR. | | ←←←← WHEN YOU MUST APPEAR ←←←← |
| | ROOM/SESSION | |

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE
   2 MAIN STREET
   WORCESTER, MA 01608

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

### JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon the court's own motion. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

| ATE JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|
| /15/2004 | X Michael Pron Sr |

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
# 0462SC2776
# Dan Medina v. Francis Fecteau & Kathleen M. Dennehy

The above captioned action was filed with the Worcester District Court June 14, 2004 by the plaintiff against Francis Fecteau, a justice of the Superior Court Department, and Kathleen M. Dennehy, Commissioner of the Department of Corrections.

Such a claim against these defendants is precluded by G.L. chapter 258, the Tort Claims Act. Actions of this nature must be brought in the Superior Court; the District Court Department lacks the subject matter jurisdiction to hear and decide such claims.

The claims are ordered dismissed, sua sponte, by the court.

Michael D. Prosser, Magistrate

| **JUDGMENT OF DISMISSAL** | DOCKET NUMBER **200462SC002777** | **Trial Court of Massachusetts**<br>**District Court Department**<br>**Small Claims Session** |
|---|---|---|

CASE NAME  **DAN MEDINA  vs.  FRANCIS FECTEAU AS HE IS SUPERIOR COURT JUSTICE**

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**P01 DAN MEDINA** | CURRENT COURT<br>**Worcester District Court**<br>**50 Harvard Street**<br>**Worcester, MA 01608-1198**<br>**(508) 757-8350** |
|---|---|

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**D02 NELSON RILEY as he is  DEPUTY WARDEN**<br>**D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE** | | **←←←←←**<br>**WHEN**<br>**YOU**<br>**MUST**<br>**APPEAR** |
|---|---|---|
| | ROOM/SESSION | **←←←←←** |

| PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>**D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE**<br>**2 MAIN STREET**<br>**WORCESTER, MA 01608** | |
|---|---|

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

### JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon the court's own motion. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

| DATE JUDGMENT ENTERED<br>**06/15/2004** | CLERK-MAGISTRATE/ASST. CLERK<br>X _Michael Pron_ EC |
|---|---|

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
## 0462SC2777
## Dan Medina v. Francis Fecteau & Nelson Riley

The above captioned action was filed with the Worcester District Court June 14, 2004 by the plaintiff against Francis Fecteau, a Justice of the Superior Court Department, and Nelson Riley, Deputy Warden of the Maine State Prison in Warren, Maine.

Such a claim against defendant Francis Fecteau is precluded by G.L. chapter 258, the Tort Claims Act. An action of this nature must be brought in the Superior Court; the District Court Department lacks the subject matter jurisdiction to hear and decide such a claim.

The claim as to the defendant Nelson Riley gives no indication that he is subject to the jurisdiction of this court. The claim as to defendant Merrill is dismissed for lack of personal jurisdiction under G.L. chapter 223A section 3 (the Massachusetts "Long-Arm Statute").

The claims are ordered dismissed, sua sponte, by the court.

_____
Michael D. Prosser, Magistrate

| **JUDGMENT OF DISMISSAL** | DOCKET NUMBER<br>**200462SC002778** | **Trial Court of Massachusetts**<br>**District Court Department**<br>**Small Claims Session**  |

CASE NAME   **DAN MEDINA**  vs.  **FRANCIS FECTEAU AS HE IS SUPERIOR COURT JUSTICE**

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**P01 DAN MEDINA** | CURRENT COURT<br>**Worcester District Court**<br>**50 Harvard Street**<br>**Worcester, MA 01608-1198**<br>**(508) 757-8350** |

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE**<br>**D02 JEFFREY D. MERRILL as he is  WARDEN** | | ←←←←<br>**WHEN**<br>**YOU**<br>**MUST**<br>**APPEAR** |
| | ROOM/SESSION | ←←←← |

| PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>**D01 FRANCIS FECTEAU as he is  SUPERIOR COURT JUSTICE**<br>   **2 MAIN STREET**<br>   **WORCESTER, MA 01608** | |

| ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED | |

### JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon the court's own motion. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

| DATE JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK |

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
# 0462SC2778
# Dan Medina v. Francis Fecteau & Jeffrey D. Merrill

The above captioned action was filed with the Worcester District Court June 14, 2004 by the plaintiff against Francis Fecteau, a justice of the Superior Court Department, and Jeffrey D. Merrill, Warden of the Maine State Prison in Warren, Maine.

Such a claim against defendant Francis Fecteau is precluded by G.L. chapter 258, the Tort Claims Act. An action of this nature must be brought in the Superior Court; the District Court Department lacks the subject matter jurisdiction to hear and decide such a claim.

The claim as to the defendant Jeffrey D. Merrill gives no indication that he is subject to the jurisdiction of this court. The claim as to defendant Merrill is dismissed for lack of personal jurisdiction under G.L. chapter 223A section 3 (the Massachusetts "Long-Arm Statute").

The claims are ordered dismissed, sua sponte, by the court.

_Michael Prosser_

Michael D. Prosser, Magistrate

| **JUDGMENT OF DISMISSAL** | DOCKET NUMBER<br>**200462SC001886** | **Trial Court of Massachusetts<br>District Court Department<br>Small Claims Session** |
|---|---|---|

CASE NAME  **DAN MEDINA  vs.  JOHN P. CONNOR, SR.**

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**P01 DAN MEDINA** | CURRENT COURT<br>**Worcester District Court<br>50 Harvard Street<br>Worcester, MA 01608-1198<br>(508) 757-8350** |
|---|---|

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**D01 JOHN P. CONNOR, SR.** | | ←←←←←<br>**WHEN<br>YOU<br>MUST<br>APPEAR** |
|---|---|---|
| | ROOM/SESSION | ←←←←← |

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
**D01 JOHN P. CONNOR, SR.<br>2 MAIN STREET<br>WORCESTER, MA 01608**

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

### JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon motion for dismissal. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

Exhibit F

RECEIVED

JUN 1 6 2004

LEGAL DEPARTMENT/AOTC

| DATE JUDGMENT ENTERED<br>**06/15/2004** | CLERK-MAGISTRATE/ASST. CLERK<br>X _Michaelson_ | |
|---|---|---|

Date/Time Printed:  06/15/2004 09:41 AM                                    FORM NO.

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
# 0462SC1886
# Dan Medina v. John P. Connor, Sr. & KTV, Inc.

The above captioned action was filed in the Worcester District Court on April 15, 2004 by the plaintiff against John P. Connor, Sr., a justice of the Superior Court Department, and KTV Inc., a business located in East Rutherford, N.J.

A letter was received from defendant KTV, Inc. stating that the lawsuit had been previously litigated and that this filing represented the eleventh lawsuit filed by the plaintiff against KTV, Inc. for the same claim. Copies of dismissals from various courts were included in the packet of materials from KTV, Inc. It appears that the matter between the plaintiff Dan Medina and KTV, Inc. has been litigated and any claim is precluded by the doctrine of res judicata.

A motion to dismiss was filed on behalf of defendant John P. Connor, Sr. asking that the complaint be dismissed. Although the complaint could be dismissed on several grounds, I am ordering to be dismissed for lack of subject matter jurisdiction. The District Court, and the Small Claims Session in particular, do not have subject matter jurisdiction over claims brought against the Commonwealth or its agents under G.L. chapter 258 (the Tort Claims Act).

I order that the claim against both defendants be dismissed.

Michael D. Prosser, Magistrate

| **JUDGMENT OF DISMISSAL** | DOCKET NUMBER<br>**200462SC001887** | **Trial Court of Massachusetts**<br>**District Court Department**<br>**Small Claims Session** |
|---|---|---|

CASE NAME  **DAN MEDINA vs. JOHN P. CONNOR, SR.**

| | |
|---|---|
| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**P01 DAN MEDINA** | CURRENT COURT<br>**Worcester District Court**<br>**50 Harvard Street**<br>**Worcester, MA 01608-1198**<br>**(508) 757-8350** |
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**D01 JOHN P. CONNOR, SR.** | →→→→→<br>WHEN<br>YOU<br>MUST<br>APPEAR |
| | ROOM/SESSION |
| PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>**D01 JOHN P. CONNOR, SR.**<br>**2 MAIN STREET**<br>**WORCESTER, MA 01608** | |
| ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED | |

### JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon motion for dismissal. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

| DATE JUDGMENT ENTERED<br>06/15/2004 | CLERK-MAGISTRATE/ASST. CLERK<br>X *Michael Farm* | |
|---|---|---|

Date/Time Printed:   06/15/2004 09:46 AM                                      FORM NO.

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
# 0462SC1887
# Dan Medina v. John P. Connor, Sr. & Susan Moitzo

The above captioned action was filed in the Worcester District Court on April 15, 2004 by the plaintiff against John P. Connor, Sr., a justice of the Superior Court Department, Susan Moitzol, as she is Director of Spectrum Health Systems of Marlborough.

A motion to dismiss was filed on behalf of defendant John P. Connor, Sr. asking that the complaint be dismissed. Although the complaint could be dismissed on several grounds, I am ordering to be dismissed for lack of subject matter jurisdiction. The District Court, and the Small Claims Session in particular, do not have subject matter jurisdiction over claims brought against the Commonwealth or its agents under G.L. chapter 258 (the Tort Claims Act).

I order that the claim against defendant John P. Connor, Sr. be dismissed. The complaint as to defendant Susan Moitzo will proceed, but will not be scheduled for trial until the plaintiff is released from custody in Maine and either returned to custody in Massachusetts or released outright.

_____
Michael D. Prosser, Magistrate

| **JUDGMENT OF DISMISSAL** | DOCKET NUMBER<br>**200462SC001888** | **Trial Court of Massachusetts**<br>**District Court Department**<br>**Small Claims Session** |
|---|---|---|

CASE NAME   DAN MEDINA  vs.  JOHN P. CONNOR, SR.

| | |
|---|---|
| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**P01 DAN MEDINA** | CURRENT COURT<br>**Worcester District Court**<br>**50 Harvard Street**<br>**Worcester, MA 01608-1198**<br>**(508) 757-8350** |

| | | |
|---|---|---|
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>**D01 JOHN P. CONNOR, SR.** | | ←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←← |
| | ROOM/SESSION | |

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
**D01 JOHN P. CONNOR, SR.**
    **2 MAIN STREET**
    **WORCESTER, MA 01608**

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

### JUDGMENT OF DISMISSAL

On the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon motion for dismissal. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

Neither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims Rule 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other parties, requesting the Court to vacate this judgment of dismissal.

| JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|

## Commonwealth of Massachusetts
## The Trial Court
## District Court Department
## Worcester Division
## 50 Harvard Street, Worcester, MA 01608
## (508) 757-8350

June 14, 2004

# Finding and Order
# 0462SC1888
# Dan Medina v. John P. Connor, Sr. & Honeywells, Inc.

The above captioned action was filed in the Worcester District Court on April 15, 2004 by the plaintiff against John P. Connor, Sr., a justice of the Superior Court Department, and Honeywells, Inc. a corporation located in Southborough.

A motion to dismiss was filed on behalf of defendant John P. Connor, Sr. asking that the complaint be dismissed. Although the complaint could be dismissed on several grounds, I am ordering to be dismissed for lack of subject matter jurisdiction. The District Court, and the Small Claims Session in particular, do not have subject matter jurisdiction over claims brought against the Commonwealth or its agents under G.L. chapter 258 (the Tort Claims Act).

I order that the claim against defendant John P. Connor, Sr. be dismissed. The complaint as to defendant Honeywells, Inc. will proceed, but will not be scheduled for trial until the plaintiff is released from custody in Maine and either returned to custody in Massachusetts or released outright.

Michael D. Prosser, Magistrate

| **JUDGMENT OF DISMISSAL** | DOCKET NUMBER 200462SC001889 | **Trial Court of Massachusetts District Court Department Small Claims Session**  |
|---|---|---|

CASE NAME   DAN MEDINA  vs.  JOHN P. CONNOR, SR.

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT | CURRENT COURT |
|---|---|
| P01 DAN MEDINA | Worcester District Court 50 Harvard Street Worcester, MA 01608-1198 (508) 757-8350 |

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT | | |
|---|---|---|
| )02 KATHLEEN M. DENNEHY )01 JOHN P. CONNOR, SR. | | ←←←← WHEN YOU MUST APPEAR |
| | ROOM/SESSION | ←←←← |

| RTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED |
|---|
| 01 JOHN P. CONNOR, SR.   2 MAIN STREET   WORCESTER, MA 01608 |

ORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

### JUDGMENT OF DISMISSAL

the above claim, the Court has dismissed this claim pursuant to Uniform Small Claims Rule 7(b) upon motion for mfssal. This means that the defendant(s) does not have to pay the plaintiff(s) any part of the claim or costs in this claim.

ither the plaintiff(s) nor the defendant(s) has any right of appeal from this judgment of dismissal. Uniform Small Claims le 8 provides that for good reason any party may file a motion within one year of this judgment, with notice to the other ties, requesting the Court to vacate this judgment of dismissal.

OGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK

**Commonwealth of Massachusetts**
**The Trial Court**
**District Court Department**
**Worcester Division**
**50 Harvard Street, Worcester, MA 01608**
**(508) 757-8350**

June 14, 2004

# Finding and Order
## 0462SC1888 *1889*
## Dan Medina v. John P. Connor, Sr. & Kathleen M. Dennehy, as she is Commissioner of D.O.C.

The above captioned action was filed in the Worcester District Court on April 15, 2004 by the plaintiff against John P. Connor, Sr., a justice of the Superior Court Department, and Kathleen M. Dennehy, the Commissioner of the Department of Correction.

A motion to dismiss was filed on behalf of defendant John P. Connor, Sr. asking that the complaint be dismissed. Although the complaint could be dismissed on several grounds, I am ordering to be dismissed for lack of subject matter jurisdiction. The District Court, and the Small Claims Session in particular, do not have subject matter jurisdiction over claims brought against the Commonwealth or its agents under G.L. chapter 258 (the Tort Claims Act).

As the defendant Kathleen M. Dennehy is also an official of the Commonwealth any claim against her in her capacity as the Commissioner of the Department of Correction is also subject to the requirements of G.L. chapter 258 and must also be dismissed for lack of subject matter jurisdiction.

I order that the claim against both defendants be dismissed.

Michael D. Prosser, Magistrate

# STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL

Trial Court of Massachusetts
Small Claims Session

Docket No. 05-SC-0122

- ☐ BOSTON MUNICIPAL COURT
- ☑ DISTRICT COURT  Springfield Division
- ☐ HOUSING COURT  _____ Division

**PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE**
DAN MEDINA
P.O. BOX 100,
S. WALPOLE MA 02071

PHONE NO:

**PLAINTIFF'S ATTORNEY (if any)**
Name:
Address:

PHONE NO:                                    BBO NO:

**DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE**
LAURA R GENTILE
50 STATE ST. P.O. BOX 559
Springfield 01102

PHONE NO:

**ADDITIONAL DEFENDANT (if any)**
Name: KTV LLC
Address: 1 MADISON STREET
EAST RUTHERFORD NJo 07073

PHONE NO:

**PLAINTIFF'S CLAIM.** The defendant owes $ 8,000 plus $ _____ court costs for the following reasons:
Give the date of the event that is the basis of your claim.

Defendant failure to their warantty
and to haploid, repaird or reimburse(t
against plaintif caused is monetory
loss, cost, expenses, and
amounths of times, The plaintiff
request for a neit burnot and for
a July trial in this case.

SIGNATURE OF PLAINTIFF  X _____                DATE 3/7/05

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☑ The plaintiff is willing to attempt to settle this claim through court mediation.

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:
☑ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.
☐ above defendant(s) is (are) serving in the military.

x _____   SIGNATURE OF PLAINTIFF   3/7/05   DATE

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

**NAME AND ADDRESS OF COURT**
TRIAL COURT OF THE COMMONWEALTH
Housing Court Department - Western Division
Post Office Box 559 - 37 Elm Street
Springfield, Massachusetts 01102-0559

DATE AND TIME OF TRIAL
5-25-05 AT 10:01AM
DATE        TIME

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

COURT USE ONLY

FIRST JUSTICE  William Abrashen
CLERK-MAGISTRATE OR DESIGNEE  Robert G. Fields
ROOM NO.

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on r___

DC-SC-1 (01/02)    ATENCIÓN: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | [For Court Use Only] DOCKET NO. 05 SC 0134 | Trial Court of Massachusetts Small Claims Session |
|---|---|---|

**PART 1**

☐ BOSTON MUNICIPAL COURT    ☑ DISTRICT COURT   Springfield   **Division**    ☐ HOUSING COURT   Western   **Division**

**PART 2**

PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE
DAN MEDINA
P.O. BOX 100
S. WALPOLE MA 62071

PLAINTIFF'S ATTORNEY (if any)
Name: _____
Address: _____

PHONE NO:

**PART 3**

DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE
LAURA S. GENTILE
50 STATE ST. P.O. BOX 559
SPRINGFIELD 01102

ADDITIONAL DEFENDANT (if any)
Name: MARK L. WOLF (J.J.)
Address: 1 COURT HOUSE WAY
ROOM 5110, BOSTON 02210

PHONE NO:

PHONE NO: (617) 748-9272    BBO NO:

**PART 4**

PLAINTIFF'S CLAIM. The defendant owes $88,000 plus $_____ court costs for the following reasons: Give the date of the event that is the basis of your claim.

Defendant's Wolf, 's hypocrity, prevent me A properly present my case in court, where the ex-crooked F.B.I. John Connolly jr., Boston F.B.I. and New England mobster informant, set me up, at Quincy in attempt to gunned me down, they fabricated charges and fraudulent prosecuted by a crooked judge, and prosecuted by the son of ex-speaker of House Charles Flaherty, tim flaherty, using a juror, anti-semetic and anti-minority the defraud the state of mass. I request for cost

SIGNATURE OF PLAINTIFF X _____ DATE 4/10/05

**PART 5**

MEDIATION: Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☑ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6**

MILITARY AFFIDAVIT: The plaintiff states under the pains and penalties of perjury that the:

☑ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

X _____ SIGNATURE OF PLAINTIFF    4/10/05 DATE

**NOTICE OF TRIAL**

NOTICE TO DEFENDANT:
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT
Western Div Hsg Court
37 Elm Street
Springfield, Ma 01102

DATE AND TIME OF TRIAL
5-25-05 AT 10:00
DATE    TIME

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

◄ COURT USE ONLY ►

FIRST JUSTICE
William H Abrashkin

CLERK-MAGISTRATE OR DESIGNEE
Robert G Fields

ROOM NO.

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on reverse.

DC-SC-1 (01/02)    ATENCION: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÒN.

