**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

No.05-30121MLW

DAN MEDINA,

Plaintiff,

v.

ALBERTO R. GONZALES, United States
Attorney General, and LAURA GENTILE,
Assistant Clerk of the Hampden Superior Court,

Defendants.

## DEFENDANT LAURA GENTILE'S MOTION TO DISMISS COMPLAINT[1]

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and the Commonwealth of Massachusetts'

Tort Claims Act, G.L. c. 258, §§ 3 and 4, defendant Laura Gentile ("Ms. Gentile or state

defendant) respectfully moves to dismiss the Complaint for, inter alia, lack of subject matter

jurisdiction, sovereign and/or judicial immunity, and failure to state a claim.

---

[1] Dan Medina originally filed this complaint and several others in the Hampden Housing Court against state and federal officials and some private individuals. This Complaint (Medina v. Gonzales et at.) and three others, (Medina v. Tauro et al., 05-30119; Medina v. Wolf et al., 05-30118; and Medina v. Mueller et al., 05-30120, involving federal officials, have been removed to this court. Separate motions to dismiss are being filed for them simultaneously herewith.

In further support of her motion, Ms. Gentile relies on the accompanying memorandum

of law.

Respectfully Submitted,

LAURA GENTILE,
Assistant Clerk of the Hampden Superior Court

By her attorney,

Date:   June 13, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney
Administrative Office of the Trial Court
Two Center Plaza, Room 540
Boston, MA 02108

(617) 878-0207

## CERTIFICATE OF SERVICE

I, Christopher O. Quaye, Administrative Attorney at the Administrative Office of the Trial Court, hereby certify that I have on this day, June 13, 2005, served the within State Defendant's Motion to Dismiss Complaint upon plaintiff and co-defendant by causing a copies to be mailed first class, postage prepaid to:

Dan Medina
P. O. Box 100
South Walpole, MA. 022071

Dan Medina
P. O. Box 100
South Walpole, MA. 02071

Karen Goodwin
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103

Date: June 13, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney

Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

No.05-30119-REGS

| DAN MEDINA, | |
|---|---|
| Plaintiff, | |
| v. | |
| JOSEPH L. TAURO, United States District Judge, and LAURA GENTILE, Assistant Clerk of the Hampden Superior Court, | |
| Defendants. | |

## AFFIDAVIT OF ANN ARCHER

I, Ann Archer, hereby depose and say that:

1.  I am an Administrative Attorney of the Legal Department of the Administrative Office of the Trial Court and keeper of the records of claims against the Trial Court made pursuant to G.L. c. 258;

2.  The Chief Justice for Administration and Management is statutorily authorized by G.L. C. 258 to receive presentment of tort claims against the Trial Court;

3.  It is standard procedure in the Administrative Office of the Trial Court that presentment letters for claims against the Trial Court pursuant to G.L. c. 258 are forwarded to my attention;

4.  I have caused a search to be made of the files of this office and, to the best of my knowledge, no written presentment of the claim, which is the subject of the above-entitled action, has been received by this office.

Signed under the pains and penalties of perjury on this 13 th day of June, 2005.

Ann Archer
Administrative Attorney
Administrative Office of the Trial Court
2 Center Plaza, Room 540
Boston, MA. 02108

COMMONWEALTH OF MASSACHUSETTS

EXHIBIT 2

HAMPDEN, ss.

**HOUSING COURT**
**(Small Claims Session)**
**C.A. No.05-SC-0122**

DAN MEDINA,

     Plaintiff,

   v.

LAURA GENTILE, Assistant Clerk of the
Hampden Superior Court, and KTV, INC.

     Defendants.

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Mass. R. Civ. P. 12(b)(1), 12(b)(6), and the Commonwealth's Tort Claims

Act, G.L. c. 258, §§ 3 and 4, defendant, Laura Gentile, as she is Assistant Clerk of the Hampden

Superior Court ("Ms. Gentile" or "state defendant") hereby moves to dismiss the Complaint

recently filed against him by plaintiff Dan Medina ("Mr. Medina"). As grounds for her motion,

Ms. Gentile states that (1) the action is barred by the doctrine of judicial immunity; (2) the Court

lacks jurisdiction; and (3) Mr. Medina has failed to state a claim upon which he could be granted

relief.

### BACKGROUND

Mr. Medina, who has not previously filed a presentment notice[1] of negligence by the

---

[1] See attached Affidavit from Ann Archer, Administrative Attorney for the Administrative
Office of the Trial Court. Exhibit A.



Commonwealth and/or its employees, filed an incomprehensible small claims² action in the

Housing Court (wrong Small Claims Court) against Ms. Gentile, without indicating with clarity

and specificity what, if any, wrong Ms. Gentile has done to him. To the extent the suit is treated

as having been brought against the state defendant in her official capacity, it should be dismissed

on the basis of judicial immunity (which covers both justices and clerks); lack of jurisdiction;

and failure to state a claim upon which relief could be granted. See Mass. R. Civ. P. 12(b)(1),

12(b)(6), and G.L. c. 258, §§ 3 & 4. To the extent that the action is treated as having been

brought against the state defendant in her personal capacity, it should be dismissed because Mr.

Medina has alleged no wrongdoing by the defendant.

To the extent the Complaint could be read and understood, Mr. Medina, without any

substantiation of any wrong that Ms. Gentile did against him, stated as follows:

"Defendant failure to their warranty and to replaid, repaired or reimburse apainst plaintiff

caused a monetary loss, cost, expenses, and a months of time, the plaintiff request for

reimbursement and for jury tialt in this case." See Small Claims # No.05-SC-0122. Exhibit C.

---

²Prior to this actions, Mr. Medina had filed numerous other incomprehensible and
conclusory actions, reflecting frivolous attributes similar to those adumbrated in the present
action. Due to their unintelligibility and frivolous natures, several of these actions have been
dismissed instantly. Indeed, due to their attributes, several justices have instructed Mr. Medina
to abstain from filing any similar actions except with the approval of the Regional
Administrative Justice (see Order Concerning Complaints Filed by Daniel Medina, Middlesex
Superior Court, CA No. 97-1826, April 22, 1997, Botsford, J.,) (copy is attached); Order of the
Court, Norfolk, SS Unfiled cases, Crastley L, May 1, 2002 (copy is attached) (Exhibit B).

## ARGUMENT

### I. THE DEFENDANT IS ABSOLUTELY IMMUNE FROM CLAIMS ARISING OUT OF THE PERFORMANCE OF HER OFFICIAL DUTIES.

Mr. Medina filed his action in the Small Claims Court against Ms. Gentile. See

Complaint Nos. No.05-SC-0122. To the extent Mr. Medina may contend that the action is

brought against the state defendant in her capacity as the Assistant Clerk-Magistrate of Hampden

Superior Court, the action is barred by the Doctrine of Judicial immunity. It is axiomatic that any

judicial officer, including officers clerks, acting within the scope of their duties, are absolutely

immune from such litigation. See Temple v. Marlborough Div. of the District Court, 395 Mass.

117, 129-32 (1985) ("doctrine insulates the judge from liability for acts committed in the

exercise of his jurisdiction"), citing Pierson v. Ray, 386 U.S. 549, 553-54 (1967); Stump v.

Sparkman, 435 U.S. 349, 357 (1978), other citations omitted. The immunity is from suit and not

just from ultimate assessment of damages. Fabre v. Walton, 436 Mass. 517, 521 (2002) ([t]he

"entitlement is an immunity from suit rather than a mere defense to liability; and . . . it is

effectively lost if a case is permitted to go to trial") (emphasis added), citing Mitchell v. Forsyth,

472 U.S. 511, 526 (1985). "The right to immunity to suit would be lost forever" if litigation

proceeds until its conclusion. Braun v. Dartmouth, 428 Mass. 684, 688 (1999). The immunity is

vitiated only where the judge or judicial officer acts in a non-judicial context, or in a clear

absence of authority. Mirales v. Waco, 502 U.S. 9, 11 (1991); Pierson, 386 U.S. at 554

("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.")

Here, Mr. Medina's abstract assertions have failed to plead that the state defendant acted in an

unofficial capacity. See Cok v. Sosentino, 876 F.2d 1 (1st Cir.1989). Accordingly, to the extent

3

his complaint may be treated as against the state defendant as an Assistant Clerk, it is barred by
the Doctrine of Judicial Immunity and must, therefore, be dismissed.

## II.   THE COURT SHOULD DISMISS PLAINTIFF'S ACTION FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

Under G.L. c. 258, the Commonwealth's Tort Claims Act, individual public employees
are not liable "for any injury or loss of property . . . caused by [their] negligent or wrongful act or
omission while acting within the scope of [their] office or employment." G.L. c. 258, § 2. The
exclusive remedy for such a loss or injury is a suit against the relevant "public employer" not the
individual public employee. Id. See also Breault v. Chairman of Bd. of Fire Comm'rs, 513 N.E.
2d. 1277, 1283 (1987) (The MTCA "absolved public employees from liability for their negligent
acts performed within the scope of official duties"), cert denied, 485 U.S. 906 (1988).

### A.   This Court Lacks Subject Matter Jurisdiction.

Pursuant to Mass. R. Civ. P. 12(b)(1) and G.L. c. 258, the Court should dismiss the action
on at least two jurisdictional grounds: (1) Mr. Medina has failed to effect presentment as required
by G.L. c. 258, §§ 4 & 5, and (2) he brought his actions in the wrong court.

### 1.   Mr. Medina Has Failed to Meet The Presentment Requirement.

Section 4 of G.L. c. 258 provides that "a civil action shall not be instituted against a
public employer on a claim for damages under this chapter unless the claimant shall have first
presented his claim in writing to the executive officer of such public employer." See Kinan v.
Trial Court, 400 Mass. 582 (1987) (presentment of claims against clerk of District Court under c.
258, § 4, is properly made to the Chief Justice for Administration and Management of the Trial
Court). The purpose of this requirement is to ensure that the responsible public official receives

4

notice of the claim so that s/he can investigate to determine whether or not the claim has any basis, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to avoid similar claims in the future. See Yun Ku v. Town of Framingham, 53 Mass. App. Ct. 727 (2002); Martin v. Commonwealth, 53 Mass. App. Ct. 526 (2002); McAllister v. Boston Housing Authority, 429 Mass. 300 (1999); Tivnan v. R.M.V., 50 Mass. App. Ct. 96 (2000).

The presentment requirement is a condition precedent to filing an action, and the statutory prescriptions for it must be rigidly met. Krasnow v. Allen, 29 Mass. App. Ct. 562 (1990) (presentment requirement under the Tort Claims Act is a condition precedent to bringing a suit), rev. denied, 409 Mass. 1102. Antonio v. City of Peabody, 51 Mass. App. Ct. 655 (2001) (presentment of negligence claim upon director of city's council on aging, a public agency of the city, did not suffice as presentment upon the city; director was without authority to compromise or settle claims on behalf of the city); Richardson v. Dailey, 424 Mass. 258 (1997) (letter to city clerk's office relating to pretrial detainee's suicide in holding cell did not satisfy the presentment requirement of the Tort Claims Act where letter discussed only actions of the Commonwealth employees in failing to prevent suicide and did not mention any claim against city); G & B Associates, Inc. v. City of Springfield, 39 Mass. App. Ct. 51 (1995) (in actions brought under the Tort Claims Act, if claimant fails to make proper presentment of his or her claim prior to bringing action, complaint is subject to dismissal for failure to state a claim upon which relief can be granted). Thus, even constructive presentment is insufficient. Berube v. City of Northampton, 413 Mass. 635 (1992) (presentment requirement of Tort Claims Act may not be satisfied by constructive notice; actual presentment to designated executive officer is required);

5

Robinson v. Commonwealth, 32 Mass. App. Ct. 6 (1992) (constructive notice is not sufficient to

meet presentment requirement for claim under Massachusetts Tort Claims Act), rev. denied, 412

Mass. 1101; Baptiste v. Sheriff of Bristol County, 35 Mass. App. Ct. 119 (1993) (failure of

administratrix of prisoner's estate asserting civil rights claim against sheriff to properly present

her negligence claims to the county precluded recovery, even though presentment letter directed

to sheriff was relayed to sheriff's department attorney, who allegedly also represented county

commissioners); Pickett v. Commonwealth, 33 Mass. App. Ct. 645 (1992) (even if inmate's

federal complaint sets forth claim of negligence against state agencies, it was insufficient for

presentment under the Massachusetts Tort Claims Act; language of the Act, in requiring

presentment of claim in writing, did not envision filing of complaint but rather it invited written

notice of claim, which government may investigate and decide to acknowledge before

commencement of legal combat), rev. denied. 414 Mass. 1103. Accordingly, an action filed in

the Court would be dismissed even if no prejudice is caused by the failure to effect proper

presentment. Robinson v. Commonwealth, 32 Mass. App. Ct. 6 (1992) (it is irrelevant that the

defendant may not have suffered any prejudice by reason of lack of actual notice), rev. den. 412

Mass. 1101.

    Here, Mr. Medina has failed to make any presentment regarding his actions. Specifically,

the designated authority, the Chief Justice for Administration and Management of the Trial

Court, has not received any presentment regarding Mr. Medina's action. ( See Affidavit of Ann

Archer). This clearly is fatal to his actions because it runs counter to the basic rationale and tenets

of the statute, viz., the need to afford the designated authority the opportunity to investigate

claims to ensure that they are neither invalid nor inflated. Accordingly, Mr. Medina's premature

6

action should be dismissed on this jurisdictional ground too.

2.    Mr. Medina Has Failed to Bring His Actions In the Right Court.

This Court lacks jurisdiction over small claims actions against the Commonwealth and its officials and must accordingly dismiss the action on that ground as well. Specifically, only the Superior Court is authorized to hear and determine claims under the Tort Claims Act. See G.L. c. 258, § 3; Erickson v. Manca, 1992 Mass. App. Div. 199 (District Court Department lacks subject matter jurisdiction over civil actions brought against public employer; all small claims against city and its employees acting in the course of their employment must be brought to the Superior Court); James v. Boston Housing Authority, 1988 Mass. App. Div. 30 (District Court lacks requisite subject matter jurisdiction to entertain and resolve a Massachusetts Tort Claims Act case); Alexander v. City of Boston, 1993 Mass. App. Div. 117 (Appellate Division of Municipal Court lacked subject matter jurisdiction over tort action brought against public employer); Spencer v. City of Worcester, 1984 Mass. App. Div. 116, 117-118; Keel v. Cambridge Housing Auth. 1987 Mass. App. Div. 171, 172.

It is settled that when one court is accorded exclusive original jurisdiction over an action, no other court may exercise "any power or authority to hear" such action. Humphrey v. Berkshire Woollen Company, 92 Mass. 420, 421 (1865); Nolan, Massachusetts Practice Series, Civil Practice, Vol. 9, § 106 at p. 149 (1992 2nd ed.) (stating that if a court "has not been given original jurisdiction over a particular type of proceeding," that court lacks the "power or authority to decide the case, and any decision rendered is void.") Here, Mr. Medina filed his Complaint in the Housingt Court, a Court which lacks jurisdiction over the action. Thus, the Complaint should be dismissed for this reason also.

7

B.    Mr. Medina Has Failed to State A Claim

Even if Mr. Medina's action were treated as an action brought against the state defendant in her personal capacity, it should still fail. Not only is the complaint insufficient for any purpose, but, in addition to its lack of clarity and specificity, it totally fails to allege any wrongdoing on the part of the defendant. See Mass. R. Civ. P. 12(b)(6). Cf.Eyal v. Helen Broadcasting Corp. 411. Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief," Nader v. Citron, 372 Mass. 96, 98 (1977). Seealso Epstein v. Seigel, 396 Mass. 278, 279 (1985). (We look exclusively at the . . . complaint to determine whether it states "a claim upon which relief can be granted." Mass. R. Civ. P. 12(b)(6). . . . A motion to dismiss under Rule 12(b)(6) is an appropriate vehicle for raising such a defense).Cf. Gloros v. Perse, 628 F. 2d 679, 684 (1st Cir. 1980) (although pro-se complaints are read liberally, even pro se plaintiffs must plead specific facts to back their claims).

## CONCLUSION

For any and all of the foregoing reasons, the Court should dismiss Mr. Medina's action.

Respectfully submitted,

LAURA GENTILE,
Assistant Clerk of the Hampden Superior Court

By her attorney,

Date:    April 26, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney
Office of the Chief Administrative Justice
Two Center Plaza, Room 540
Boston, MA 02108

(617) 878-0207

8

Exhibit A

# COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**

**HOUSING COURT
(Small Claims Session)
C.A. No.05-SC-0122**

---

DAN MEDINA,

               Plaintiff,

       v.

LAURA GENTILE, Assistant Clerk of the
Hampden Superior Court, and KTV, INC.

               Defendants.

---

## AFFIDAVIT OF ANN ARCHER

I, Ann Archer, hereby depose and say that:

1.    I am an Administrative Attorney of the Legal Department of the Administrative Office of the Trial Court and keeper of the records of claims against the Trial Court made pursuant to G.L. c. 258;

2.    The Chief Justice for Administration and Management is statutorily authorized by G.L. C. 258 to receive presentment of tort claims against the Trial Court;

B.    It is standard procedure in the Administrative Office of the Trial Court that presentment letters for claims against the Trial Court pursuant to G.L. c. 258 are forwarded to my attention;

C.    I have caused a search to be made of the files of this office and, to the best of my knowledge, no written presentment of the claim, which is the subject of the above-entitled action, has been received by this office.

      Signed under the pains and penalties of perjury on the $27$ day of April, 2005.

                         Ann Archer
                         Administrative Attorney
                         Administrative Office of the Trial Court
                         2 Center Plaza, Room 540
                         Boston, MA. 02108
                         (617) 878 0220

## CERTIFICATE OF SERVICE

I, Christopher O. Quaye, Administrative Attorney at the Administrative Office of the Trial

Court, hereby certify that I have on this day, April 27, 2005-served the within State Defendant's

Motion to Dismiss Complaint upon plaintiff by causing a copies to be mailed first class, postage

prepaid to:

Dan Medina
P. O. Box 100
South Walpole, MA. 022071

Dan Medina
807 Cushing Road
Warren, MA 04864

Date: April 27, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8575
Fax: (617) 742-0968

April 27, 2005

Dan Medina
P. O. Box 100
South Walpole, MA. 02071

> **RE:    Dan Medina v. Laura Gentile, Hampden Housing Court,**
> **Small Claims Session, Docket #s. 05-SC-0122.**

Dear Mr. Medina:

Enclosed, please find, along with an Affidavit, defendant Laura Gentile's Motion to Dismiss Complaints. Please respond to the motion as you deem warranted.

Thank you.

Very truly yours,

Christopher O. Quaye
Administrative Attorney
(617) 878-0207

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8575
Fax: (617) 742-0968

April 27, 2005

Dan Medina
807 Cushing Road
Warren, MA 04864

     **RE:**  **RE:**  **Dan Medina v. Laura Gentile, Hampden Housing Court,
Small Claims Session, Docket #s. 05-SC-0122.**

Dear Mr. Medina:

Enclosed, please find, along with an Affidavit, defendant Thomas Carrigan's Motion to Dismiss Complaints, substituting it for the one previously filed on August 27, 2004. Please respond to the motion as you deem warranted.

Thank you.

Very truly yours,

Christopher O. Quaye
Administrative Attorney
(617) 878-0207

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8575
Fax: (617) 742-0968

**April 27, 2005**

Housing Court Department–Western Disvision
Att: the Clerk
37 Elm Street
Springfield,  MA.01102

      **RE:**    **Dan Medina v. Laura Gentile, Hampden Housing Court,**
                  **Small Claims Session, Docket #s. 05-SC-0122.**

Dear Sir/Madam:

      Enclosed for filing and docketing please find, along with an affidavit, defendant's Motion
to Dismiss.

      Thanks  for your assistance in this matter.

               Very truly yours,

               Christopher O. Quaye
               Administrative Attorney
               (617) 878-0207

cc:

      Dan Medina, pro se
      807 Cushing Road
      Warren, ME 04864

      Dan Medina
      P. O. Box 100
      South Walpole, MA. 02071

      Laura Gentile, Assistant Clerk
      Hampden Superior Court
      Hall of Justice
      50 State Street,
      Springfield, MA 01102

THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8575
Fax: (617) 742-0968

April 27, 2005

Dan Medina
807 Cushing Road
Warren, MA 04864

      **RE:   RE:   Dan Medina v. Laura Gentile, Hampden Housing Court,
                  Small Claims Session, Docket #s. 05-SC-0122.**

Dear Mr. Medina:

      Enclosed, please find, along with an Affidavit, defendant Thomas Carrigan's Motion to Dismiss Complaints, substituting it for the one previously filed on August 27, 2004. Please respond to the motion as you deem warranted.

      Thank you.

                       Very truly yours,

                       Christopher O. Quaye
                       Administrative Attorney
                       (617) 878-0207

JCCS copy

Exhibit B

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    UNFILED CASES

## DANIEL MEDINA

### vs.

**MICHAEL MAHONEY, Commissioner of Department of Corrections, SUSAN MOITZO, MARNIE HAIRAPETIAN, K.T.V. INC., LORI MALAKOFF, DURACRAFT CORPORATION HONEYWELL CORP., ATTORNEY WAYNE MURPHY, ATTORNEY TIMOTHY FLAHERTY, PETER E. ALLEN, CAPTAIN FURTADO, and ABBY NELLIGAN**

## ORDER OF THE COURT

Following the reasoning of Judges Botsford (Middlesex County) and Hinkle (Suffolk County), I have reviewed all eleven of this pro-se plaintiff's recent complaints (dated 3/24/02, three on 3/28/02, three on 3/29/02, two on 4/11/02, and two on 4/17/02) I find, as did Judges Botsford and Hinkle, that each complaint contains conclusory and unintelligible allegations and accusations, often using inappropriate and repetitive language. While Medina certainly has a right to file complaints which allege facts and causes of action that may properly be addressed in a civil action, he does not have a right overburden the courts, the attorneys, and the government agencies and officials who will be called upon to respond by filing complaints filled with conclusory, repetitive allegations and improper language.

Therefore, I conclude that this pro se petitioner is a vexatious litigant who has

abused his right to petition this Court for redress of grievances by filing repetitious,

frivolous, unintelligible, and unnecessary civil actions without justification.

For all of these reasons, while this petitioner does appear to be indigent, I exercise

my administrative discretion to prohibit the filing of those eleven lawsuits.

John C. Cratsley
Justice of the Superior Court

**DATED:** May 1, 2002

EXHIBIT B

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 97-1816

## DANIEL MEDINA

vs.

## HERBERT P. WILKINS,
## CHIEF JUSTICE OF THE SUPREME JUDICIAL COURT

## ORDER CONCERNING COMPLAINTS FILED BY DANIEL MEDINA

The plaintiff Daniel Medina filed this action on April 10, 1997. From January 1, 1997 to

date, Medina has filed a total of twenty-three separate complaints. Each of them is brought

against various public officials in Federal, State and local government agencies as well as the

State Supreme Judicial Court, alleging, inter alia, violation of several constitutional rights.

Medina is an inmate at the Massachusetts Correctional Institution at Cedar Junction,

apparently serving a sentence imposed after his 1994 conviction in the Superior Court in Norfolk

County after a trial on one or more indictments. A review of the complaints filed by Medina

indicates that many of them complain about issues and matters which must be raised first in the

context of any appeal or motion for new trial he may be bringing in connection with the criminal

conviction(s). Other complaints contain conclusory allegations and accusations against a variety

of governmental officials, sometimes cast in highly inappropriate language. Furthermore, in

none of these complaints is there any indication of why Middlesex County is a proper venue for

the action, given that Medina is currently residing in Norfolk County and the officials he has

named as defendants do not have offices in Middlesex County [ While Medina certainly has a

right to file complaints which allege facts and causes of action that may properly be addressed in

1



Exhibit B

MAY  1'97 00:49 FR MIDDLESEX SUPER COURT  17 494 1760 TO 7275755                P.03        Exhibit B

a civil action, he does not have a right to overburden the courts and the government agencies and

officials who will be called upon to respond by filing complaints filled with conclusory,

repetitive allegations and improper language.

In light of the pattern of excessive filing that has been established here, it is ORDERED

as follows:

1. Daniel Medina is enjoined from filing, submitting for filing, or seeking to file

any new civil action in Middlesex County without first submitting the proposed

complaint to the Regional Administrative Justice, Civil, for review.

2. If the Regional Administrative Justice approves for filing the proposed

complaint, the same shall be entered in the Clerk's Office, and the case will be assigned

to a regular civil session in Middlesex County. If the Regional Administrative Justice

declines to approve the proposed complaint for filing, the same shall not be filed but shall

be returned to Medina.

Margot Botsford
Margot Botsford
Regional Administrative Justice, Civil

Dated: April 22, 1997

2

** TOTAL PAGE.003 **

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV98-01447          As of 07/13/98

Medina v McDonough, County Comr

| | |
|---|---|
| FILE/RTRN DATE 03/18/98 | CASE STATUS djupomo  Dispose: jdg aft po-tr mo |
| STATUS DATE 06/02/98 | SESSION B    Civil B |
| CASE ORIGIN 1 | CASE TYPE E17    Civil Rights Act (12.011H) |
| LEAD CASE | TRACK A   JURY n |

------- Tracking Deadlines -------------------------------|

| | |
|---|---|
| SERVICE 06/16/98 | ANSWER 08/15/98   RULE 12/19/20 08/15/98 |
| RULE 15 06/11/99 | DISCOVERY 05/06/00    RULE 56 07/05/00 |
| FINAL PTC 11/02/00 | DISPOSITION 03/17/01 |

Pro Se Plaintiff
Daniel Medina
PO Box 100
S Walpole MA 02071
Active (prisoner) 04/07/98 Notify

Defendant                Private Counsel 556193
Joseph P McDonough, County Comr        Steven M Walsh
Answered: 05/08/98            Plymouth County Sheriff's Office
Answered 05/08/98            Obery Street
                  Plymouth MA 02360
                  Phone: 508-746-0610
                  Fax: 508-830-0182
                  Active 05/08/98 Notify

* * *  D O C K E T  * * *

DATE   PAPER ENTRY

03/18/98  1.0 Affidavit of indigency & request for waiver,substitution or
          state payment of fees & costs. filed & approved as to filing

Exhibit #2

fee, & service fee

| | |
|---|---|
| 03/18/98 | Origin 1, Type E17, Track A. |
| 03/18/98 | 2.0 Complaint |
| 03/18/98 | 3.0 Civil action cover sheet re: complaint |
| 05/08/98 | 4.0 Motion of deft to Dismiss (w/o opposition) |
| 05/08/98 | 5.0 Request of deft for change of Venue |
| 05/14/98 | Writ of Habeas Corpus to issue ret'ble Fri May 22,1998 Krn 243 re:Mo to dismiss (Hinkle,J) Writ issued (See P#4) Notice sent 5/15/98 |
| 05/29/98 | 6.0 ORDER entered after show cause hearing - it is ORDERED that: (1) Daniel Medina is enjoined from filing, submitting for filing, or seeking to file any new civil action in Suffolk County without first submitting the proposed complaint to the Regional |

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV98-01447            As of 07/13/98

Medina v McDonough, County Comr            Page 2

### ••• DOCKET •••

DATE    PAPER ENTRY

Administrative Justice, Civil for review (2) If the Regional
Administrative Justice approves the proposed complaint for
filing, the same shall be entered in the Clerk's Office, and the
case will be assigned to a regular civil session in Suffolk
County - If the Regional Administrative Justice declines to
approve the proposed complaint for filing, the same shall not be
filed but shall be returned to Mr. Medina (Hinkle, Justice)

05/29/98  7.0 Memorandum of decision and order (Hinkle, J.) Notice sent
6/01/98

06/02/98  8.0 JUDGMENT OF MOTION TO DISMISS (PURSUANT TO MASS R CIV P
12(b)

The complaint of plff is dismissed and deft recover costs
entered on docket pursuant to Mass R Civ P 58(a) and notice sent
to parties pursuant to Mass R Civ P 77(d) (Hinkle, J.)

### ••• CALENDAR •••

DATE    COURT EVENT            EVENT STATUS        SES SCH DATE

05/22/98 HRNG: Rule12 motion        Held.        B   05/22/98
hearing on motion to dismiss and show cause hearing

MENT OF SMALL CLAIM
AND NOTICE OF TRIAL

For Court Use Only.

DOCKET NO. 05-SC-0122

Trial Court of Massachusetts
Small Claims Session

☐ BOSTON MUNICIPAL COURT  ☒ DISTRICT COURT  ☐ HOUSING COURT

Springfield Division

| PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE | PLAINTIFF'S ATTORNEY (if any) |
|---|---|
| DAN MEDINA P.O. BOX 100, S. WALPOLE MA 02571 | Name: Address: PHONE NO: |

| DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE | ADDITIONAL DEFENDANT (if any) |
|---|---|
| LAURA R. GENTILE 50 STATE ST. P.O. BOX 559 Springfield 01102 | Name: KT-V-LLC. Address: 1 MADISON STREET EAST RUTHERFORD NJ. 07073 |

PHONE NO:                    PHONE NO:

**PLAINTIFF'S CLAIM.** The defendant owes $ 1,800.00 plus $ _____ court costs for the following reasons:
Give the date of the event that is the basis of your claim.

Defendant's failure to their warantty
aid to haploid, repaird or he inburnielt
against plaintiff caused to monstrary
bss, Qst, Exprese; and
amounths of time, The plaintiff
Request for a neit burnot and for
a july trial in this case.

SIGNATURE OF PLAINTIFF X _____   DATE 3/7/05

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☑ The plaintiff is willing to attempt to settle this claim through court mediation.

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:
☑ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.
☐ above defendant(s) is (are) serving in the military

x _____  SIGNATURE OF PLAINTIFF   3/7/05  DATE

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

FIRST JUSTICE   William Abrashkin   CLERK-MAGISTRATE OR DESIGNEE   Robert G. Fields

NAME AND ADDRESS OF COURT
TRIAL COURT OF THE COMMONWEALTH
Housing Court Department - Western Division
Post Office Box 559 - 37 Elm Street
Springfield, Massachusetts 01102-0559

DATE AND TIME OF TRIAL
5-25-05 AT 10:00 AM
DATE          TIME
ROOM NO.

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED — COURT USE ONLY

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on reverse.

DC-SC-1 (01/02)   ATENCIÓN: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.