UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

No.05-30121MLW

DAN MEDINA,
                  Plaintiff,

v.

ALBERTO R. GONZALES, United Attorney
General, and LAURA GENTILE, Assistant Clerk
of the Hampden Superior Court,

                  Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LAURA GENTILE'S MOTION TO DISMISS COMPLAINT**

Laura Gentile ("Ms. Gentile or State defendant") submits this memorandum of law in support of her motion to dismiss Complaint for, inter alia, lack of jurisdiction, sovereign and/or judicial immunity, and failure to state a claim upon which relief could issue.

### BACKGROUND

Mr. Medina, who has not previously filed a presentment notice[1] of negligence by the Commonwealth and/or its employees, filed several vague and incomprehensible small claims actions in the Hampden Housing Court (wrong Small Claims Court) against Ms. Gentile, four federal officials, and several private individuals, without indicating with clarity and specificity what, if any, wrong Ms. Gentile has done to him. This Complaint (Medina v. Gonzales and Gentile) and three others involving federal officials have been removed to this Court, captioned Medina v. Wolf and Gentile; U.S. District Court No. 05-30118; Medina v. Tauro and Gentile,

---

[1] See attached Affidavit from Ann Archer, Administrative Attorney for the Administrative Office of the Trial Court. Exhibit 1.

No. 05-30119-RGS; and <u>Medina v. Mueller and Gentile</u>, No. 05-30120.[2] To the extent <u>Medina v. Gonzales and Gentile</u> could be read and understood, the Complaint, in its entirety, without any assertion, let alone substantiation, of any wrong done to Mr. Medina by Ms. Gentile, stated as follows:

> Allowing, Anti-semetic & racist. Defendant is in charge for Justice, Gonzales is support stands for justice and constitutional Rights Justice Dept. is the great Babylon of 21 century: is still Haunted by Demons And unclean spirits and All kinds of Filthy and hateful Binds live in: become immoral /and unrestrained lust. I been sitting in prison as same stated of enemy combatant since 1993 before 911, no legal Access And I been the of worst than terrorist. I'm a person who never committed a crime I was framed by the Crooked FBI John Connolly.

Exhibit 3.

## ARGUMENT

**THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION; JUDICIAL AND/OR SOVEREIGN IMMUNITY; AND FAILURE TO STATE A CLAIM.**

The Court should allow Ms. Gentile's motion and dismiss Mr. Medina's Complaint for, at least, three separate reasons, to wit, lack of subject matter jurisdiction; sovereign and/or judicial immunity; and failure to state a claim upon which he could be granted relief.

### I. STANDARD OF REVIEW FOR MOTIONS TO DISMISS

In deciding whether to allow a motion to dismiss, the court must accept the allegations in the Complaint as true and indulge every reasonable inference in favor of the plaintiff. <u>Hughes v.</u>

---

[2] Prior to removal of these cases from the Hampden Housing Court, Ms. Gentile filed a motion to dismiss them and several others that did not involve federal officers. (Copy is attached at Exhibit 2). In addition to the present motion to dismiss, Ms. Gentile is filing simultaneously herewith three separate motions to dismiss the complaints against her in <u>Medina v. Wolf et al.</u>, <u>Medina v. Mueller et al.</u>, and <u>Medina v. Tauro et al.</u>

Rowe, 449 U.S. 5, 10 (1980); Langadinos v. American Airlines, Inc., 199 F. 3d 68, 69 (1st. Cir. 2000). To survive such a motion, the Complaint must set forth "factual allegations, either direct or inferential, respecting each element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Co., 851 F. 2d 513, 515 (1st. Cir. 1988).

The Complaint may be dismissed only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1997). The Court need not, however, credit "bald assertions, periphrasatic circumlocutions, unsubstantiated conclusions, or outright vituperation." Correa-Martinez v. Arrillaga-Belendez, 903 F. 2d. 49, 52 (1st. Cir. 1990); Chongris v. Board of Appeals, 811 F. 2d 36, 37 (1st. Cir. 1987) (courts must "eschew any reliance on bald assertions, unsupported conclusions, and opprobrious epithet), cert denied 483 U.S. 1021 (1978). Instead, it may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters to which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) affirmed, 248 F. 3d 1127 (1st Cir. 2000).

Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Judge v. City of Lowell, 160 F. 3d. 67, 72 (1st. Cir. 1998), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Stated another way, dismissal is warranted where, as here, a complaint appears to state only frivolous or wholly insubstantial claims. Parratt v. Taylor, 451 U.S. 527, 532 (1981), overruled on other grounds; Daniels v. Williams, 474 U.S. 327 (1986). Cf. Pavilonis v. King, 626 F. 2d 1075 (1980) (affirming dismissal of "hopelessly general" complaints that could not give notice of

plaintiff's claims; enjoining plaintiff from filing any lawsuit in federal district court; and prohibiting the clerk of court from accepting for filing any papers submitted by plaintiff without authorization of the district judge).

II.   **THE COURT LACKS SUBJECT MATTER JURISDICTION,[3] AND THE ACTION AGAINST MS. GENTILE IS BARRED BY SOVEREIGN & JUDICIAL IMMUNITY.**

It is noteworthy that there is nothing in Mr. Medina's case that remotely implicates federal subject matter jurisdiction, at least relative to Ms. Gentile, as required by 28 U.S.C. § 1331, as no federal question is presented. Cf. Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 612 n. 28 (1979)("[T]he party claiming that a court has the power to grant the relief in his behalf has the burden of persuasion on the jurisdictional issue.") Although courts are obliged to evaluate pro se pleadings liberally, "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F. 3d 886, 890 (1st. Cir. 1997); Gloros v. Perse, 628 F. 2d 679, 684 (1st Cir. 1980) (although pro-se complaints are read

---

[3] Due to the Complaint's abysmally poor crafting, it is not clear whether the action against Ms. Gentile emanated from a state court's decision. If it did, other grounds for dismissal would be implicated as well. These include the Doctrine created by Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1023) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 486 (1983) that the "lower federal courts have no power whatever to sit in direct review of state court decisions. Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970). Accord; Henry v. Connolly, 910 F. 2d 1000, 1002 (1st. Cir. 1990). See also Wil v. Michigan State Police Dept., 491 U.S. 58, 65-66 (1989) (neither state nor its official is a "person" subject to liability in a section 1983 damages action); Gean v. Hattaway, 330 P. 3d 758, 766 (6th Cir. 2003) (finding no need for sovereign immunity analysis as named defendants in their official capacities were not persons under section 1983). Younger v. Harris, 401 U.S. 37, 44 (1971) (requiring federal court's abstention from on-going cases in state courts). Significantly, although Younger involved a criminal proceeding, its abstention doctrine has been applied in non-criminal proceedings as well. See Middlesex County Ethics Commission v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982); Moore v. Sims, 442 U.S. 415 (1979).

liberally, even pro se plaintiffs must plead specific facts to back their claims). Eagle Eye Fishing Corp v. U.S. Department of Commerce, 20 F. 3d. 503, 506 (1st Cir. 1994) ("The Constitution does not require judges-- or agencies, for that matter-- to take up the slack when a party elects to represent himself). See also the Commonwealth's Tort Claims Act, which like the federal counterpart, requires the filing of a presentment, an act that is deemed a jurisdictional prerequisite. Krasnow v. Allen, 29 Mass. App. Ct. 562 (1990) (presentment requirement under the Tort Claims Act is a condition precedent to bringing a suit), rev. denied, 409 Mass. 1102. Antonio v. City of Peabody, 51 Mass. App. Ct. 655 (2001).

The Eleventh Amendment precludes a state from being sued by a private citizen without its consent in federal courts, Penhurst State School and Hosp. v. Halderman, 465 U.S. 89, 98 (1984), or proper abrogation of the state's sovereign immunity by Congress. Tennessee v. Lane, 124 S. Ct. 1978, 1994 (2004), citing Trustees of the University of Alabama v. Garret, 532 U.S. 356, 363 (2001); Kimel v. Florida Bd of Regents, 528 U.S. 62, 72-73 (2000) (other citations omitted). A suit against state agencies and individual state officials in their official capacities is the equivalent of a suit against the state and, a fortiori, is barred by the Eleventh Amendment, even if the State is not itself named as a defendant. Penhurst, 465 U.S. at 101-02, 109 n. 17. More specifically, where as here, Mr. Medina brought his action against Ms. Gentile as the Assistant Clerk of the Hampden Superior Court and there has been no abrogation of the state's immunity regarding the claims proffered, the action is barred by the Eleventh Amendment "regardless of whether it seeks damages or injunctive relief." Id. at 121. The Supreme Court's Opinion reads, in part:

> A federal court's grant of relief against state officials on the basis of state law,

whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlay the Eleventh Amendment.

Id. at 106. See also Papsam v. Allain, 478 U.S. 265, 277 (1986) (same). Accordingly, Mr. Medina's action against Ms. Gentile should be dismissed under the Eleventh Amendment's proscription. and for failure to make a cognizable federal claim.

Nor can the bar to suit be side-stepped by the Commonwealth's Tort Claims Act, G.L. c. 258, § 1, under which the State consented to being sued for certain types of common law tort actions. Frankly, c. 258, by its terms, waived the Commonwealth's immunity only with respect to claims properly commenced in state courts. Irwin v. Commissioner of Dept. of Youth Services, 448 N.E. 2d. 721, 724 (Mass. 1983) (holding that c.258 only waives sovereign immunity for a claim brought in state courts). See also Penhurst, 465 U.S. at 99. n. 9 ("the Court consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts"); Caisse v. DuBois, 346 F. 3d 213, 218 (1st Cir. 2003) ("By enacting the [Tort Claims Act], the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."), citing Rivera v. Massachusetts, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998).

Even where the state has effectively waived its sovereign immunity, which it has not in this instance, it is axiomatic that judicial officers, including judges and clerks, acting within the scope of their duties, are absolutely immune from litigation. See Temple v. Marlborough Div. of the District Court, 395 Mass. 117, 129-32 (1985) ("doctrine insulates the judge from liability for acts committed in the exercise of his jurisdiction"), citing Pierson v. Ray, 386 U.S. 549, 553-

54 (1967); Stump v. Sparkman, 435 U.S. 349, 357 (1978), other citations omitted. Williams v. United States, 156 F. 3d 86, 92 (1st Cir. 1998) ("absolute judicial immunity is rooted in concerns about preserving judicial independence, effectiveness and frankness.") Cf. Forrester v. White, 484 U.S. 219, 225-26 (1988). The immunity is from suit and not just from ultimate assessment of damages. Fabre v. Walton, 436 Mass. 517, 521 (2002) ([t]he "entitlement is an immunity from suit rather than a mere defense to liability; and . . . it is effectively lost if a case is permitted to go to trial") (emphasis added), citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "The right to immunity to suit would be lost forever" if litigation proceeds until its conclusion. Braun v. Dartmouth, 428 Mass. 684, 688 (1999). The immunity is vitiated only where the judge or judicial officer acts in a non-judicial context, or in a clear absence of authority. Mirales v. Waco, 502 U.S. 9, 11 (1991); Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.") Although Mr. Medina's assertions are vague, unintelligible, and conclusory, they seem to include Ms. Gentile as a judicial official. Accordingly, as such officials are accorded judicial immunity for their official acts, the action should be dismissed on judicial immunity grounds too.

### III. MR. MEDINA HAS FAILED TO STATE A CLAIM

Even if Mr. Medina's action were treated as an action brought against the state defendant in her personal capacity, it should still fail for failure to state a claim. Under the Commonwealth's State Tort Claims Act, individual public employees are not liable "for any injury or loss of property . . . caused by [their] negligent or wrongful act or omission while acting within the scope of [their] office or employment." G.L. c. 258, § 2. The exclusive remedy for such a loss or injury is a suit against the relevant "public employer" not the individual public employee. Id.

See also Breault v. Chairman of Bd. of Fire Comm'rs, 513 N.E. 2d. 1277, 1283 (1987) (The MTCA "absolved public employees from liability for their negligent acts performed within the scope of official duties"), cert denied, 485 U.S. 906 (1988).  Cf. Aversa v. United States, 99 F. 3d. 1200, 1207 (1st. Cir. 1996) (under the Federal Tort Claims Act, federal employees are immune from lawsuits based on actions taken pursuant to their duties).

Not only does the Complaint fail to state a claim insofar as it names the state employee as the state defendant, but it is insufficient for any purpose because, in addition to its vagueness, frivolity, lack of clarity and specificity, it totally fails to allege any wrongdoing on the part of the defendant. See Fed. R. Civ. P. 12(b)(6). Siegert v. Gilley, 500 U.S. 266, 232 (1991) (insubstantial lawsuits against the government should be quickly terminated to ensure that government officials are not harassed by frivolous lawsuits); Denton v. Henandez, 504 U.S. 25 (1992) (a court may dismiss a complaint on its own motion when the allegations are "irrational"). A frivolous actions is one that "lacks an arguable basis in law or in fact, one that contains either "inarguable" legal conclusions or "clearly baseless", "fanciful", or "delusional" factual allegations. Garlington v. Haley, Civil Action 00–0019-RVM (S.D. Ala. 2001) ("a claim may be dismissed as 'frivolous where it lacks an arguable basis in law or fact.' . . . . A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, . . . the claim seeks to enforce a right which clearly does not exist . . ., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, . . . Judges are accorded 'not only the authority to dismiss [as frivolous] a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss claims whose factual contentions are clearly baseless'"), citing Nietzke v. Williams, 490 U.S. 325, 327 (1989); other citations omitted; Wyatt v. Boston, 35 F. 3d 13, 15 (1st. Cir. 1994) (dismissal is warranted if it is "patently

obvious" that plaintiff could not prevail). Cf. Lolos v. Berlin, 338 Mass. 10, 14 (1958) ("the right of a party to have the court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority). Even a pro se plaintiff must set forth "factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley, 851 F. 2d 515.

Here Mr. Medina has totally failed to allege any intelligible claim, let alone any wrongdoing, or act by Ms. Gentile. Accordingly, the complaint against Ms. Gentile is frivolous and should be dismissed quickly for this reason too.

## CONCLUSION

For any and all of the foregoing reasons, the Court should dismiss Mr. Medina's action.

Respectfully submitted,

LAURA GENTILE,
Assistant Clerk of the Hampden Superior Court

By her attorney,

_____

Date:   June 13, 2005

Christopher O. Quaye, BBO # 637594
Administrative Attorney
Administrative Office of the Trial Court
Two Center Plaza, Room 540
Boston, MA 02108

(617) 878-0207